**Steven Edward STRONG, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F 94–517.**

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1995.

### *ORDER DENYING MOTION TO SUP-PLEMENT RECORD, DISSOLVING STAY, AND SETTING DUE DATE OF APPEAL BRIEF*

Appellant has tendered for filing a motion to supplement the record in the above-styled appeal from his Judgment and Sentence in Case No. CF–93–4643 in the District Court of Tulsa County. In that case, Appellant was convicted by a jury of Possession of a Stolen Vehicle, After Former Conviction of Two or More Felonies, and was sentenced to twenty-five (25) years in prison.

Appellant claims supplementation of the record in this appeal is necessary to support an allegation that his trial counsel was ineffective for failing to argue that the two prior felony convictions, used to enhance punishment in the present case, arose out of the same transaction or occurrence or series of events closely related in time and location such that they could not be used as separate felony offenses for enhancement purposes. 21 O.S.1991, § 51(B). He seeks to supplement the record with a certified copy of the Information in Case No. 89–CR–164, which is the case number for the two prior felony convictions used to enhance his sentence.

Appellant has also requested an extension of time to file the appeal brief pending a

decision on the motion to supplement. This Court has previously stayed the date for filing Appellant's brief. *Strong v. State,* F 94-0517 (Okl.Cr. November 29, 1994).

■ Appellant is seeking to supplement the record with evidentiary matter which was not, but could have been, introduced in the trial court in this case. Under no circumstances will the rule concerning motions to supplement be interpreted to allow supplementation of the record with such evidentiary materials. *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp.1994, Ch. 18, App., Rule 3.11(B)(3). Appellant nonetheless has an alternative opportunity to develop any additional facts relating to trial counsel's performance in the direct appeal process, and he is not deprived of any meaningful review of his ineffective assistance of counsel claim.

■ Although evidentiary hearings are not conducted at the appellate level, there is nothing to preclude this Court from remanding matters to the trial courts for additional fact-finding on specific issues when necessary. Such procedures have been utilized to thoroughly address ineffective assistance of trial counsel claims on direct appeal, when a compelling allegation and a proper request for evidentiary hearing has been made. *See e.g. Wilhoit v. State,* 816 P.2d 545, 546–47 (Okl.Cr.App.1991); *Mayes v. State,* 887 P.2d 1288, 1314–16 (Okl.Cr.App.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995).

■ Propositions of error alleging ineffective assistance of trial counsel should always be raised in the appellant's brief-in-chief on direct appeal. When the allegation is predicated upon evidence which could have and should have been presented at trial but was not, appellate counsel should timely file the brief-in-chief which sets out the proposition of error alleging ineffective assistance of trial counsel, and submit an application for an evidentiary hearing together with affidavits setting out those items of evidence which are not contained in the record on appeal alleged to constitute ineffective assistance of trial counsel. The application and affidavits must rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, and must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. If such a showing is made, this Court will remand the matter to the trial court for a full and fair evidentiary hearing which shall become a part of the record on appeal for this Court to review.

Because Appellant is improperly seeking to supplement the record, and because there is an adequate alternative to present his claims, this Court finds that Appellant's motion to supplement the record should be, and is hereby, **DENIED.**

This Court further finds the stay of the date for filing Appellant's brief should be, and is hereby, **DISSOLVED.** Appellant's appeal brief shall be filed in this Court within thirty (30) days from the date of this order.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

LANE, J., concurs in results.

STRUBHAR, J., concurs in result as to stay and dissent as to request to supplement.