**Roger James BERGET, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–94–1125.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1995.

James T. Rowan and Tim Wilson, Okla. County Public Defender, Oklahoma City, for Petitioner at trial.

Robert H. Macy, District Attorney and Ray Elliott, Assistant District Attorney, Oklahoma City, for the State at trial.

Randy A. Bauman, Deputy Div. Chief and Steven M. Presson, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma and Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Respondent on appeal.

### OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LANE, Judge:

Petitioner, Roger James Berget, pled guilty to one count of First Degree Murder, four counts of First Degree Burglary and one count of Felon in Possession of a Firearm in the District Court of Oklahoma County, Case Nos. CRF–86–4533, –4264, –4278, –4475, –4476, and –4478, respectively, before the Honorable John M. Amick. Petitioner was sentenced to death for the murder, four consecutive life sentences for the burglaries and ten (10) years imprisonment for the firearms charge. Petitioner's motion to withdraw his guilty plea was denied, and his convictions affirmed by this Court following Petitioner's request for certiorari to have the death sentence vacated. *Berget v. State*, 824 P.2d 364 (Okl.Cr.1991), *cert. denied*, 506 U.S. 841, 113 S.Ct. 124, 121 L.Ed.2d 79 (1992). Petitioner filed his application for post-conviction relief on January 10, 1994, in the District Court of Oklahoma County, which was denied on October 12, 1994 by the Honorable Richard W. Freeman.

In this first application for post-conviction relief, Petitioner has raised fourteen propositions of error, the majority containing multiple sub-propositions of error. Our consideration of these claims will be strictly limited by the statutory rules which establish our authority in post-conviction matters, 22 O.S. 1991, § 1086. We held in *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr.1985), that the provisions of 22 O.S.1981, § 1080 *et seq.* are to be applied only to those claims which, for whatever reason, could not have been raised on direct appeal. *See also Castro v. State*, 880 P.2d 387, 388 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995); *Fowler v. State*, 873 P.2d 1053, 1056–57 (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Brecheen v. State*, 835 P.2d 117, 119 (Okl.Cr.1992), *cert. denied*, 506 U.S. 1085, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993). In keeping with this authority, we will address only those propositions which could not have been brought at the time of the direct appeal. All other allegations are not properly before the Court.

■ Issues which were raised on direct appeal are barred from further consideration

by *res judicata*, and issues which were not raised on direct appeal, but could have been, are waived. *Castro*, 880 P.2d at 388; *Fowler*, 873 P.2d at 1056; *Mann*, 856 P.2d at 993; *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.), *cert. denied*, 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992); *Brecheen*, 835 P.2d at 119. Propositions I, II and IV are the only propositions containing issues which were not raised, and could not have been raised, on direct appeal. Propositions III and V through XIV were either considered on direct appeal, and are therefore *res judicata*, or were not raised and are therefore waived. In either case, we will not address these issues again.[1]

Petitioner alleges at Proposition I that the trial court denied him due process when it determined that the majority of issues presented on post-conviction were *res judicata* and/or barred by Petitioner's failure to raise them on direct appeal. Petitioner then alleges consideration of an ineffective assistance of counsel claim is always appropriate on post-conviction, citing *Brecheen v. Reynolds*, 41 F.3d 1343, 1364 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995).

In *Brecheen*, the Tenth Circuit criticized this Court's procedure requiring appellants to raise ineffective assistance of counsel claims on direct appeal or risk waiving the claim at any future state appellate proceeding.[2] The Tenth Circuit's concern seems to center around claims of ineffective assistance involving factual allegations which are outside of the scope of the trial court record.

Title 22 O.S.1991, § 1086 dictates, in no uncertain terms, that *all* grounds for relief available to an appellant under the Post–Conviction Procedure Act, 22 O.S.1991, § 1080, *et seq.*, must be raised in his original, supplemental or amended application. Section 1086 clearly outlines waiver:

> Any ground finally adjudicated or not so raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for subsequent application....

This Court has consistently determined that failure to raise an alleged error, absent a showing of sufficient reason for failure to raise the issue, or a showing that the issue was inadequately raised in a prior direct appeal or application, waives the error, and bars it from future consideration. *See Castro*, 880 P.2d at 388; *Fowler*, 873 P.2d at 1056; *Mann*, 856 P.2d at 993; *Brecheen*, 835 P.2d at 119. Claims raised and previously decided are barred by *res judicata*. *See Sellers v. State*, 889 P.2d 895, 897 (Okl.Cr. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 214, 133 L.Ed.2d 146 (1995); *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr.1984); *Grimes v. State*, 512 P.2d 231, 233 (Okl.Cr.1973); *Harrell v. State*, 493 P.2d 461, 462 (Okl.Cr.1972). We have also determined that the plain language of § 1086 makes it applicable to subse-

---

1. Proposition III, ineffective assistance of counsel, Proposition V, (insofar as it addresses Petitioner's competency to enter a plea) that Petitioner's death sentence was obtained using burglary convictions that were unconstitutionally imposed, Proposition VI, that the trial court committed reversible error and was guilty of misconduct by *sua sponte* obtaining a transcript from another proceeding, Proposition X, that the trial court's finding that Petitioner was competent to plea was flawed and therefore unconstitutional, Proposition XI, that a presentence investigation report was unlawfully and unconstitutionally injected into Petitioner's sentencing proceeding, and Proposition XII, that the use of unadjudicated offenses violated Petitioner's constitutional rights, were all considered on direct appeal, and found not to be error. We will not revisit these issues, but note for the record that if we did not find the alleged conduct to be error on direct appeal, it is no more erroneous on post convic-

tion simply because Petitioner characterizes the "error" as ineffective assistance of trial counsel. Proposition VII, that the prosecutor's closing arguments were inappropriate and constituted prosecutorial misconduct, Proposition VIII, that an appropriate *Enmund* finding has not been made and that insufficient evidence exists to support such a finding, Proposition IX, the state's failure to provide notice of the evidence in support of the statutory aggravators was fundamental error, Proposition XIII, that the cumulative effect of the individual trial errors warranted relief, and Proposition XIV, that the district court erred in denying Petitioner's request for an evidentiary hearing, were not raised and are waived.

2. 22 O.S.Supp.1994, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 3.5(A)(5).

quent post-convictions applications. *Rojem v. State*, 888 P.2d 528, 529–530 (Okl.Cr.1995).

This Court recognizes that there are exceptions to the waiver and *res judicata* rules, and has ruled accordingly, where appropriate. *See Allen v. State*, 874 P.2d 60, 64 (Okl.Cr.1994); *Jones*, 704 P.2d at 1140; *Castleberry v. State*, 590 P.2d 697, 701 (Okl.Cr. 1979); *Stewart v. State*, 495 P.2d 834, 836 (Okl.Cr.1972). However, we have also made it clear that the post-conviction process is not a second appeal. *See Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied,* — U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied,* — U.S. ——, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Williamson v. State*, 852 P.2d 167, 169 (Okl.Cr. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2122, 128 L.Ed.2d 677 (1994); *James v. State*, 818 P.2d 918, 920 (Okl.Cr.1991), *cert. denied,* 502 U.S. 1111, 112 S.Ct. 1214, 117 L.Ed.2d 452 (1992); *Ellington v. Crisp*, 547 P.2d 391, 392 (Okl.Cr.1976).

On May 25, 1995, the Tenth Circuit issued an opinion, on rehearing *en banc*, setting forth its new procedure for addressing ineffective assistance of counsel claims in federal cases. *U.S. v. Galloway*, 56 F.3d 1239 (10th Cir.1995). The Circuit Court reaffirmed and reemphasized the central principle laid down in *Beaulieu v. United States*, 930 F.2d 805, 806–807 (10th Cir.1991) [3], and ruled that ineffective assistance claims are now to be brought only in collateral proceedings, not on direct appeal. The Tenth Circuit held such claims brought on direct appeal are presumptively dismissible and virtually all will be dismissed.[4] *Galloway*, 56 F.3d at 1240. Moreover, the fact that an ineffectiveness claim is raised and adjudicated on direct appeal will not procedurally bar an ineffectiveness claim in a proceeding under 28 U.S.C. § 2255 where new reasons are advanced in support of that claim. *Id.* at 1242–43.

In response to the numerous claims of ineffective assistance of trial and appellate counsel, the Tenth Circuit's answer was to entirely remove that issue from consideration on direct appeal, and to reserve it for another proceeding. The court stated:

> The problem with … procedural bar, is that they are absurdly easy to circumvent on the one hand, and painfully labor intensive to sort through and apply on the other. The usual tactic to force a second review is to claim in a post-conviction proceeding that appellate counsel was ineffective for failing to advance all possible reasons showing why trial counsel was ineffective, and that appellate counsel was ineffective for not raising other issues relating to trial and sentencing. Technically, this is a first-time claim of ineffectiveness which cannot be procedurally barred and which is not unitary with the claim of ineffectiveness of trial counsel advanced on direct appeal. In this circumstance we are then forced to examine and determine two levels of ineffectiveness relating to two different sets of counsel en route to a distant destination of, perhaps, a favorable decision on the merits.

*Id.* at 1241–1242.

We agree with the analysis presented in *Galloway* which opines that the ineffective assistance doctrine created by the Supreme Court operates as "open sesame", forcing review of closed cases and defying all attempts at finality. *Id.* at 1242. We are also cognizant of the fact that unless and until the doctrine is tailored in this area, the seemingly endless litigation of alleged ineffective assistance claims will continue. However, allowing appellants carte blanche in deciding when such a claim can be raised only prolongs the appellate process, encouraging appellants to "lay behind the log" instead of presenting their claims as soon as they become known. The result is endless delay and lack of finality in addressing an appellant's

---

**3.** The Tenth Circuit expressly overruled *Beaulieu* in part. The court will no longer require that ineffective assistance claims be brought on direct appeal where the record seems complete for purposes of appellate review. The court will also no longer require that the defendant have different counsel in order to question the ineffectiveness of

trial counsel on appeal. *Galloway*, 56 F.3d at 1241.

**4.** This rule is applicable to all federal cases brought pursuant to 28 U.S.C. § 2255.

claim, and endless rehashing of the same issues under the guise of ineffective assistance.

It is no secret that the post-conviction procedure is routinely used as a vehicle for a myriad of claims that could, and should, have been raised on direct appeal.[5] Disguising the claims as "ineffective assistance of counsel", be it trial or appellate counsel, fools no one. However, allowing the appellant to stockpile these claims until some undetermined later date, especially those claims which could have been made based on the record on appeal, only encourages, and somehow seems to sanction, delay.

Like the Tenth Circuit, this Court is also frustrated by the seemingly insurmountable burden of dealing with patently frivolous claims, grouped in the catch-all "ineffective assistance" category. However, we do not agree that the procedure set out in *Galloway* or espoused in *Brecheen* will resolve the problem.[6] It only postpones the inevitable. While the Tenth Circuit's procedure will "group" the ineffective assistance claims brought on appeal, it does nothing to eliminate the subsequent appeal, which will surely be brought, alleging ineffective assistance of appellate counsel in bringing the collateral attack pursuant to 28 U.S.C. § 2255. Moreover, we fail to see how the Court will save additional time having to review the record on appeal, for a second time, at some distant point in the future, in cases where the basis for the ineffective assistance claim was contained in the appellate record.

Those reasons aside, there are significant differences between our Post–Conviction Procedure Act, and the federal post-conviction claim available pursuant to 28 U.S.C. § 2255. Under Oklahoma's system, unlike the federal system,[7] there is no constitutionally required or statutorily guaranteed right to appointed counsel in post-conviction proceedings, except in capital cases, and then only if the petitioner can show he/she is indigent. 22 O.S.1991, § 1089(B); 22 O.S. 1991, § 1360(C). *See Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); *Sellers,* 889 P.2d at 898–899; *Thomas,* 888 P.2d at 527. Were this Court to adopt the *Galloway* procedure, we could potentially be denying petitioners in non-capital cases the right to counsel on the issue of ineffective assistance of trial counsel. To refuse to hear such a claim except in a post-conviction proceeding when appellants are not entitled to appointed counsel, potentially denies them the right to ever have the claim heard, in the event such a claim exists.

Additionally, as the Tenth Circuit pointed out in *Galloway,* when a federal prisoner files a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, the district court is *required* to hold an evidentiary hearing on the appellant's claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Galloway,* 56 F.3d at 1240, n. 1. Therefore, prior to any review by the federal appellate court, a factual record concerning the claim is developed in and addressed by the trial court, providing for more comprehensive appellate review.

This is not so under the Oklahoma Post–Conviction Act. There is no constitutional or statutory right to an evidentiary hearing by the trial court reviewing the post-conviction application. 22 O.S.1991, § 1089(3). While a post-conviction claim must first be filed at the district court level, the findings of fact and conclusions of law prepared by the trial court are usually provided without benefit of an evidentiary hearing and therefore without the development of a factual basis provided through benefit of witness testimony and supplemental evidence.

■ The conclusion to be reached from *Galloway* is that the required method for

5. This is not to suggest that all claims raised on post-conviction are without merit. However, there are always additional claims, meritless though they may be, that some creative counsel is able to find that were not raised on direct appeal, but could have been.

6. We note here that *Galloway* only applies to 10th Circuit federal courts deciding federal cases, and does not directly affect this Court. Likewise, *Brecheen* applies to federal court review of state court decisions, and this Court is not required to adopt its holding.

7. 18 U.S.C. § 3006A.

challenging effectiveness of defense counsel in federal criminal cases is through collateral attack under 28 U.S.C.A. § 2255. *Galloway*, 56 F.3d at 1242. This Court's preferred method still requires such a challenge to be raised on direct appeal, not through a collateral attack, or it is waived. *See Strong v. State*, 902 P.2d 1101, 1103 (Okl.Cr.1995).

■ The Tenth Circuit alleges, however, that our procedure is inadequate because the appellant is deprived of a "meaningful review" of the ineffective assistance claim. The court expressed concern that Brecheen did not have an opportunity to develop any additional facts relating to trial counsel's performance in the direct review process "since evidentiary hearings are unavailable at the appellate level." However, while evidentiary hearings are not conducted at the appellate level, it is within this Court's power and authority to remand cases for evidentiary hearings at the district court level when appropriate. We have done so in the past. Even the Tenth Circuit acknowledges that the post-conviction procedure utilized in *Brecheen* provided an independent state law ground by which Brecheen's claim was rejected.[8] *Brecheen*, 41 F.3d at 1364.

We can only assume the Tenth Circuit is concerned that legitimate claims of ineffective assistance will not be addressed absent a change in our position. We disagree.

■ What is missing in the *Brecheen* analysis is the recognition that there are actually two types of ineffective assistance of trial counsel claims: 1) claims which can be substantiated by a review of the appellate record, and 2) those supported by evidence outside of, and therefore not contained within, the record. In the first instance, if an appellant's proposition of error relies upon facts which are discerned by a review of the trial court record submitted for review on appeal, these claims must be raised on direct appeal or they are waived. There can be no claim of

inability to discover facts necessary to present the claim alleged as error, since the record provides the basis for the appeal.

■ In the event the claim raised involves facts which are not part of the designated appellate record, an appellant's proposition of error advancing this theory is a collateral attack on the judgment and sentence and is to be raised on using the appropriate vehicle, whether it be a motion for new trial, an application for post-conviction relief or some other authorized method. Regardless, the mechanism currently exists upon which such claims can be, and are, subject to review. *See Wilhoit v. State*, 816 P.2d 545, 546 (Okl. Cr.1991).

We find that the Tenth Circuit's focus upon our Post–Conviction Procedure Act misses the mark. The question is not whether the issue of ineffective assistance of counsel can or should be addressed on post-conviction. The real question is whether there exists, under our current statutes and procedures, an effective vehicle for redressing error claims which are outside of the trial court record, whether they be ineffective assistance of counsel claims or something else.

While *Wilhoit* was remanded for an evidentiary hearing on the appellant's motion for new trial, the case establishes that the mechanism for review of such claims does work. The advantage of such a system of review is the ability to address the issue promptly, when presented, and while the appellant is still represented by counsel. Review via an evidentiary hearing is not unavailable, it is simply conducted at the trial court level.

We are somewhat confused, therefore, by the Tenth Circuit's assertion that the status quo forces an appellant either to raise his/her ineffective assistance claim on direct appeal with new counsel, but without the benefit of additional fact-finding, or to have the claim forfeited under state law.[9]

---

**8.** It should be noted that Brecheen's direct appeal was filed prior to the enactment of the current post-conviction statutes, and therefore any arguments concerning the consideration of his direct appeal must be reviewed in that context.

**9.** The Tenth Circuit recognized that Brecheen, on post-conviction review, was given a full and fair post-conviction evidentiary hearing on the question of ineffective assistance of counsel in the state district court. It also determined that the district court's decision that another hearing was not required was correct. *Brecheen*, 41 F.3d at

Appellants claiming ineffective assistance of counsel are still to be required to raise the ineffective assistance claim on direct appeal. However, if the proposition of error is dependent upon matters not presented to the trial court, and which are not included in the record on appeal, appellants should take advantage of the very vehicle meant to deal with these issues by raising the proposition of error and simultaneously requesting an evidentiary hearing on the matter. Although evidentiary hearings are unavailable at the appellate level, there is nothing to preclude this Court from remanding matters to the trial court for additional fact-finding on specific issues when necessary. 22 O.S.Supp. 1991, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 3.11. The alternative exists to develop additional facts relating to alleged errors, and, as such, appellants are not deprived "meaningful review" of their claims. The process of remanding issues for evidentiary hearings has been used to thoroughly address ineffective assistance of trial counsel claims on direct appeal when a compelling allegation and a proper request for evidentiary hearings have been made. *See Wilhoit,* 816 P.2d at 546. *See also Mayes v. State,* 887 P.2d 1288, 1314–16 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995).

Using this analysis, a review of Berget's claim reveals that all but one of his alleged claims of ineffective assistance of trial counsel could and should have been raised on direct appeal, as all information pertaining to these claims was contained in the appellate record.[10] Petitioner's claim of a conflict of interest between trial and appellate counsel is meritless. A review of Petitioner's affidavits from trial counsel alleging a conflict of interest shows the claim was properly rejected by the trial court as being insufficient to warrant an evidentiary hearing. We find no error here.

Petitioner next alleges that the Post-Conviction Procedure Act does not bar consideration of matters raised on post-conviction, regardless of whether they are raised on direct appeal or not. Petitioner's reading of the statute would have us consider as barred only claims presented in a second or subsequent post-conviction proceeding that were not presented in an initial post-conviction proceeding. We have addressed this issue above and reaffirm that claims not raised on direct appeal which could have been raised are waived, notwithstanding Petitioner's strained reading and interpretation of the statute. *Castro,* 880 P.2d at 388; *Fowler,* 873 P.2d at 1056–57; *Mann,* 856 P.2d at 993. We find no merit to this argument.

Petitioner then claims at Subproposition I(B) that the district court should have considered, in reviewing his post-conviction application, the issues proposed under the ineffectiveness of appellate counsel claim. Despite his claims to the contrary, the district court did review Petitioner's claim and determined that it had no merit. We will address this claim at Petitioner's Proposition IV.

■ Petitioner alleges in Proposition II that the district court erred in refusing to hold his post-conviction claims in abeyance pending resolution of *Mann v. Reynolds,* 828 F.Supp. 894 (W.D.Okla.1993), a class action civil rights suit alleging the existence of unconstitutional attorney-client visiting conditions at Oklahoma's death row facility. Petitioner alleges that his access to counsel was impeded, impairing appellate counsel's ability to investigate and prepare a complete and proper post-conviction application. However, Petitioner does not identify for this Court any instances of his inability to freely consult with or assist counsel in the preparation of his post-conviction appeal, nor does he show that he was prevented from developing any appealable issue because of the existing conditions. Rather, he claims that he will not know which factual or legal issues "may have been missed or not fully developed" until the unconstitutional conditions are eliminated.

1363. Evidently, the Oklahoma procedure works.

**10.** Proposition III, Subpropositions B.2. through B.12. could and should have been raised on direct appeal. (The error claimed here was ineffective assistance of trial counsel, specific instances being delineated at B.2 through B.12.) Since they were not, they are waived.

We rejected this same argument in *Moore*, 889 P.2d at 1256. Petitioner's unsubstantiated assertions are insufficient to persuade us that this collateral issue should be decided on post-conviction. *Nguyen v. State*, 879 P.2d 148, 149 (Okl.Cr.1994); *Williamson*, 852 P.2d at 169; *Mann*, 856 P.2d at 993. We find no merit in this argument.

■ At Proposition IV, Petitioner alleges ineffective assistance of appellate counsel, listing several sub-propositions of error as part of the general allegation. He first alleges a conflict of interest prevented presentation of the ineffective assistance of counsel claim on direct appeal because appellate and trial counsel were both employees of the Oklahoma County Public Defender's Office. In *Moore*, 889 P.2d at 1258, n. 3, we found no ineffective assistance based on the claim that trial and appellate counsel were from the same indigent defense entity. As in *Moore*, Petitioner here presents no evidence of conflict between the trial and appellate counsel. These unsubstantiated assertions, without more, are insufficient to sustain a claim of error. We find this contention to be without merit.

■ Petitioner next claims appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel arguments with respect to various alleged meritorious claims. The majority of these claims were addressed on direct appeal, albeit not under the auspices of ineffective assistance. Nevertheless, we found no fundamental error on direct appeal, and therefore will not now find them to be error simply by virtue of being labeled ineffective assistance of counsel.[11] Included in this "laundry list" of errors is the claim that appellate counsel failed to appeal Petitioner's four burglary and firearm possession convictions. Petitioner now claims that appellate counsel did not raise issues or make arguments regarding the five non-capital cases which would have warranted reversal of these convictions. However, Petitioner does not now present those alleged arguments warranting consideration or reversal. We find this argument unpersuasive, especially in light of our determination in Petitioner's direct appeal that the pleas to the non-capital offenses were knowingly and voluntarily entered. *Berget*, 824 P.2d at 371.

■ Failure to appeal a conviction is not, per se, evidence of ineffective assistance of appellate counsel. Absent non-compliance with the *Strickland*[12] criteria, we do not find Petitioner is entitled to relief on this claim.

Petitioner next claims error alleging appellate counsel did not appeal the State's failure to give notice of the evidence used in support of the aggravating circumstances. Even were we to consider this proposition, which Petitioner has waived by failing to raise it on direct appeal, and even if we determined that the evidence used should have been excluded with respect to the continuing threat and previous felony convictions involving use or threat of violence,[13] there were two additional

---

11. Those claims include sub-propositions III (failure to request and obtain a competency evaluation), VI (failure to object to finding Appellant competent to enter a plea), VII(d) (failure to object to the court's use of a pre-sentence investigation report) and X (failure to object to the court's use of a transcript of Appellant's testimony in co-defendant Smith's trial).

12. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When addressing claims of ineffective assistance of both trial and appellate counsel, this Court is guided by the Supreme Court's decision in *Strickland*. *See Cartwright v. State*, 708 P.2d 592, 594 (Okl. Cr.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). The basic test for ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

*Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064. In determining whether counsel provided "reasonably effective assistance," this Court indulges "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. Finally, the Petitioner bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064. *Nguyen v. State*, 844 P.2d 176, 179 (Okl.Cr.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993).

13. *See Hayes v. State*, 845 P.2d 890, 893 (Okl.Cr. 1992) *quoting*, *Green v. State*, 713 P.2d 1032, 1038 (Okl.Cr.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 241, 93 L.Ed.2d 165 (1986) ('failure to object to lack of notice, [of evidence to be used in support of aggravator] either at a pre-trial hearing or at the time the challenged evidence is

aggravators found here, sufficient to support imposition of the death penalty. We find the claim is waived and there is no error here.

Petitioner's contention concerning introduction of testimony from the Bulldog Smith trial was addressed on direct appeal and will not be rehashed here. *Berget,* 824 P.2d at 368–369.

■■■ Petitioner's claim of failure to raise prosecutorial misconduct is inapposite here because, as noted by Petitioner, this was not a jury trial. Additionally, the argument was waived when it was not raised on direct appeal. More importantly, Petitioner shows no prejudice indicating that the result of the sentencing would have been different if the statements had not been made. We will not modify or reverse a sentence or a conviction unless we find not only error, but some prejudicial effect resulting from that error. *Elmore v. State,* 846 P.2d 1120, 1123 (Okl.Cr. 1993); *Crawford v. State,* 840 P.2d 627, 634 (Okl.Cr.1992); *Gates v. State,* 754 P.2d 882 (Okl.Cr.1988); *Hall v. State,* 762 P.2d 264 (Okl.Cr.1988); *Harrall v. State,* 674 P.2d 581, 584 (Okla.Cr.1984). We find this argument to be meritless.

Petitioner next claims appellate counsel erred in failing to raise an *Enmund* [14] claim. We determined on direct appeal that Petitioner admitted killing Patterson both in his statements to police and in the Bulldog Smith trial testimony (*Berget,* 824 P.2d at 370–371) and that there was more than sufficient evidence of Petitioner's intent to avoid arrest and prosecution by killing Patterson. Had Petitioner not waived this claim on direct appeal (and we find that he has), we would still find no error, having previously determined there was sufficient evidence of his participation in Patterson's death.

Proposition V, wherein Petitioner alleges his burglary convictions were unconstitutionally imposed and subject to reversal, and therefore were improperly used in support of his death sentence, has been addressed on direct appeal and will not be addressed again. *Berget,* 824 P.2d at 369. Nevertheless, recognizing that unadjudicated offenses are admissible in support of aggravating circumstances, we find Petitioner's claim to be meritless.

Proposition VI, improper introduction of the Bulldog Smith transcript, was adjudicated on direct appeal. *Berget,* 824 P.2d at 368–369. Proposition VII, prosecutorial misconduct, Proposition VIII, the *Enmund* argument, and Proposition IX, failure to provide notice of aggravator evidence, were all addressed and rejected at Proposition Four, *supra.*

At Proposition X, Petitioner once again attempts to raise the competency issue which we disposed of on direct appeal, and again in this post-conviction appeal at Proposition IV, supra. *Berget,* 824 P.2d at 370–371. We will not address it further. Likewise, Proposition XI, introduction of the presentence investigation report, was addressed and rejected on direct appeal. *Berget,* 824 P.2d at 375–376. Proposition XII, use of evidence of unadjudicated offenses, was also addressed and rejected. *Berget,* 824 P.2d at 377.

At Proposition XIII, Petitioner alleges that the cumulative effect of the alleged errors certainly warrants relief. This claim, also waived on direct appeal, is unpersuasive. We find no individual error, therefore we can find no cumulative error.

■■■ Proposition XIV alleges Petitioner was improperly denied an evidentiary hearing by the trial court as to his post-conviction claim. There is no constitutional right to such a hearing nor is there any indication that Petitioner's appellate record was incomplete or presented issues requiring proof not contained in the record. Where the application is capable of disposition on the pleadings and record, an evidentiary hearing is not warranted. *See Moore,* 889 P.2d at 1258; *Johnson v. State,* 823 P.2d 370, 373 (Okl.Cr.

---

offered, will result in waiver of this statutory right'). *Fisher v. State,* 845 P.2d 1272, 1274 (Okl.Cr.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3014, 125 L.Ed.2d 704 (1993).

**14.** *Enmund v. Florida,* 458 U.S. 782, 797, 102 S.Ct. 3368, 3376, 73 L.Ed.2d 1140 (1982). Eighth Amendment precludes imposition of the death penalty upon person who aids and abets a felony, but does not personally kill, attempt to kill, or intend that a killing result.

1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

After review of the errors alleged by Petitioner, we are unable to conclude that the trial court's decision denying his Application for Post–Conviction Relief was in error. Accordingly, that decision is **AFFIRMED.**

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN and STRUBHAR, JJ., concur.