**Lois Nadean SMITH, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–94–943.**

Court of Criminal Appeals of Oklahoma.

April 12, 1996.

---

19. *Boyd,* 839 P.2d at 1370.

928

Gregory Piche and Gloria J. Moore, Denver, Colorado, for petitioner at trial.

Gregory R. Piche, Denver, Colorado and Gloria J. Moore, Oklahoma City, for petitioner on appeal.

A. Diane Blalock and Sandra D. Howard, Oklahoma City, for respondent at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma, Sandra D. Howard, and A. Diane Blalock, Assistant Attorneys General, Oklahoma City, for respondent on appeal.

*OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF*

JOHNSON, Presiding Judge:

Lois Nadean Smith, Petitioner, has appealed from the denial of post-conviction relief by the District Court of Sequoyah County in Case No. CRF-82-104. We affirm the District Court's denial of post-conviction relief.

The procedural posture of this case is summarized as follows: Petitioner was sentenced to death for the offense of Murder in the First Degree. Petitioner filed a direct appeal to this Court and we affirmed the conviction and sentence. *See Smith v. State,* 727 P.2d 1366 (Okl.Cr.1986), *cert. denied,* 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987). Petitioner's Petition for Rehearing was denied on December 8, 1986. The United States Supreme Court denied Petitioner's Petition for Writ for Certiorari on June 26, 1987. Petitioner filed an Application for Post-Conviction Relief in the District Court of Sequoyah County on September 27, 1987. After several postponements and the filing of several amended applications, an evidentiary hearing was held on July 15-16, 1992. Said Application was denied on August 1, 1994. It is from this denial that Petitioner appeals.

Petitioner raises five (5) propositions of error. Several of these propositions contain separate allegations of error and several propositions are interrelated. In her first proposition, Petitioner presented, via affidavits, what she asserts is newly discovered evidence which proves that Kenneth Ede, witness for the State, lied about his qualifications as a blood spatter expert, thus presenting a strong challenge to his conclusion that she was the "shooter." This Court recently addressed the issue of Ede's qualification as a blood spatter expert in *Clayton v. State,* 892 P.2d 646, 652 (Okl.Cr.1995). There, we found that based on new evidence, Ede did not have sufficient training to qualify him as a blood spatter expert and that he was not qualified to testify on the subject of blood spatter. Thus, we held that the trial court, on application for post-conviction relief, should have determined that admission of Ede's blood spatter testimony was error. We so find in this case.

However, as in *Clayton, supra,* the admission of Ede's erroneous testimony must be subjected to harmless error analysis. After thoroughly reviewing the trial transcript, we determine beyond a reasonable doubt that the jury would still find guilt without using this evidence. *Luna v. State,* 829 P.2d 69, 73 (Okl.Cr.1992). This, therefore, was harmless error.

This Court has held repeatedly that the jury is the exclusive judge of the weight of the evidence and the credibility of the witnesses' testimony. *Hollan v. State,* 676 P.2d 861, 864 (Okl.Cr.1984); *Isom v. State,* 646 P.2d 1288, 1292 (Okl.Cr.1982). Although there may be conflict in the testimony, if there is competent evidence to support the jury's finding, this Court will not disturb the verdict on appeal. *Enoch v. State,* 495 P.2d 411, 412 (Okl.Cr.1972). A reviewing court must accept all reasons, inferences and credibility choices that tend to support the verdict. *Washington v. State,* 729 P.2d 509, 510 (Okl.Cr.1986). This proposition is without merit.

■ Next, Petitioner claims ineffective assistance of trial counsel because there was a conflict of interest due to joint representation of herself and her son. She claims her appellate counsel inadequately raised the issue of "possibility of a conflict" when, in fact, it was an actual conflict. Petitioner fails to designate what "records of relevant proceeding" appellate counsel failed to submit to this Court. Dennis Hartley, an expert witness for Petitioner, stated that counsel was ineffective because of failure to request a remand hearing for ineffective assistance of counsel, therefore, the Court of Criminal Appeals did not have the proper evidence before it.

■ This Court has in the past remanded matters to the trial court for additional fact-finding. This would include ineffective assistance of counsel claims on direct appeals. *Strong v. State,* 902 P.2d 1101, 1103 (Okl.Cr. 1995). In this case, no request was made. When the claim is ineffective assistance of counsel on issues outside the record, it may be raised collaterally. *Berget v. State,* 907 P.2d 1078 (Okl.Cr.1995).

Petitioner sets out the following as demonstrating actual conflict of interest:

1. Defense counsel Monte Strout's acquiescence in Petitioner's expressed demand that "[a]bove all else, you've got to save Greg."

2. Defense counsel's loyalty to Greg as demonstrated in his argument to sever their trial where he argued that because all the evidence at the preliminary hearing pointed at Petitioner as the shooter, Greg would be unduly prejudiced.[1]

3. The failure to call Greg as a witness in Petitioner's trial to corroborate her testimony for fear it might implicate and discredit him, thereby again demonstrating his loyalty to Greg.[2]

4. Defense counsel's strategy to use the "alibi defense" (that Teresa Baker DeMoss had actually committed the offense) without corroboration from Greg or otherwise, where there was evidence implicating Greg as the "principal actor in the murder."

We have examined the record of the post-conviction proceedings below, considered Petitioner's argument and find that Petitioner has failed to demonstrate that defense counsel's representation amounted to an actual conflict of interest which adversely affected defense counsel's performance. *See Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 346–347 (1980).

Petitioner's third and fourth propositions of error assert ineffective assistance of appellate counsel for failure to raise the following on direct appeal:

1. The State's failure to produce the DeMoss interview tape which allegedly contained exculpatory evidence, said failure being a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. Defense counsel's failure to make a "reasonable factual and legal investigation in preparation for trial," as regards the expert testimony of Ede, change of venue and mitigating first and second stage evidence.

■ We have reviewed the particulars of the DeMoss interview as set forth in Petitioner's brief and do not find them to be exculpatory. While some of the particulars may be used for impeachment, we do not believe that DeMoss' credibility was material to Petitioner's guilt or sentence due to sufficient corroboration of her testimony. Additionally, we note that Petitioner claims that the State continues to fail to provide her with the tape. However, defense counsel in his deposition unequivocally states, "I did ulti-

1. Petitioner offers the following possible strategy: "Arguably, a joint trial would have benefited Petitioner, where she could have shown that Greg Smith and DeMoss had their own motives for the offense because of the victim's arrangements to have Greg Smith and DeMoss 'blown away' by the victim's ex-boyfriend, 'T' Barnes; that they committed, incited, manipulated or supported the murder; or, that Petitioner's conduct was motivated by her maternal, protective love for her son, while she was vulnerable and under the influence of drugs and alcohol.

2. This argument was considered on direct appeal where we noted the possibility that Greg Smith's testimony would have severely damaged his mother's case.

mately get it...." (Page 10, lines 14–15). We find no merit in this claim.

■ We next address Petitioner's claim of failure of defense counsel to adequately investigate. Based on defense counsel's deposition in this case, we find that his decision for the limited investigation was based on informed strategic choices made by Petitioner and on information supplied by Petitioner. As such, his actions were not unreasonable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Having examined each of the claims of ineffective assistance of counsel, individually and in the aggregate, we conclude that no relief is warranted. *Hooks v. State,* 902 P.2d 1120, 1124 (Okl.Cr.1995). To prevail on an ineffective assistance of appellate counsel claim, Petitioner must show that counsel's performance was deficient and that such deficient performance prejudiced her. Petitioner must show a reasonable probability that, but for her appellate counsel's unprofessional errors, the result of her appeal would have been different. *Id.* at 1123. Accordingly, we find that Petitioner's appellate counsel was not ineffective in failing to adequately or otherwise raise these issues.

■ Lastly, Petitioner claims that the district court's reweighing of the evidence supporting the constitutionally infirm instruction on "especially heinous, atrocious, and cruel" violated her liberty interest in jury sentencing, her right to due process, and her right to meaningfully channeled jury discretion as to sentencing under the Eighth Amendment. Petitioner states that this instruction is unconstitutionally vague. *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). However, under *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 1447, 108 L.Ed.2d 725 (1990), as more fully discussed in *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), this Court may, in the alternative, reweigh the evidence supporting the heinous, atrocious and cruel aggravator to determine if it's sufficient to support the aggravator.

Based on the facts as set forth in *Smith v. State,* 727 P.2d at 1368, Petitioner was wholly indifferent to the pain inflicted upon the victim. While traveling to the home of James Smith, Petitioner choked the victim, Cindy Bailee, and stabbed her in the throat with a knife. While at the Smith house, Petitioner forced Ms. Bailee to sit in a recliner chair, threatened to kill her and taunted her with a pistol. Petitioner fired a shot into the recliner near Ms. Bailee's head. She then fired a series of shots at Ms. Bailee who subsequently fell to the floor. As Greg Smith reloaded the pistol, Petitioner laughed while jumping on Ms. Bailee's neck.

■ Petitioner also took the pistol from Greg and fired four more bullets into the body. A subsequent autopsy showed Ms. Bailee had been shot five times in the chest, twice in the head, and once in the back. Five of these gunshot wounds were potentially fatal. The knife wound was also potentially fatal. Thus, it is clear that Petitioner's acts may be characterized as especially heinous, atrocious or cruel under the narrowing instruction. We therefore affirm the heinous, atrocious or cruel aggravating circumstance. We also find that the district court in the exercise of its judicial powers under the Post–Conviction Procedure Act may undertake a reweighing of the evidence supporting the heinous, atrocious and cruel aggravator.

After reviewing Petitioner's application for post-conviction relief, the district court's order denying said application and the briefs, including Petitioner's reply brief, we find that Petitioner is not entitled to relief. We therefore **AFFIRM** the district court's order denying Petitioner's application for post-conviction relief.

CHAPEL, V.P.J., and LUMPKIN and STRUBHAR, JJ., concur in result.

LANE, J., concurs.

LUMPKIN, Judge, concurring in results.

I concur in the Court's decision to affirm the denial of post-conviction relief. However, it is not necessary to address on the merits the claim of ineffective assistance of trial counsel. This issue was raised and addressed by this Court on direct appeal. Consideration of the issue on post-conviction is therefore barred by *res judicata.* Further,

no new or additional evidence concerning a possible conflict of interest by trial counsel has been presented warranting a collateral attack. *See Berget v. State,* 907 P.2d 1078 (Okl.Cr.1995); *Strong v. State,* 902 P.2d 1101 (Okl.Cr.1995) (claims of ineffective trial counsel are to be raised on direct appeal, not through a collateral attack, or such claims are waived. Only if the claim is supported by evidence outside of, and therefore not contained within, the record, can the claim be properly raised collaterally. If the claim can be substantiated by a review of the appellate record, it must be raised on direct appeal or it is waived).