F I L E D
United States Court of Appeals
Tenth Circuit

APR 7 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT ANDERSON,

      Petitioner-Appellant,

v.

DAN REYNOLDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondent-Appellee.

No. 99-7027
(D.C. No. 92-CV-721-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Robert Anderson appeals from the district court's order dismissing his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before us on appellant's application for a certificate of appealability (COA), which we construe as an application for a certificate of probable cause (CPC) since his petition was filed prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

Having carefully reviewed the record and the applicable law, we conclude that the district court correctly determined that appellant has failed to exhaust the claims in his amended petition. See Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). We also agree that the Oklahoma courts would procedurally bar those of appellant's claims which could have been raised on direct appeal. See Okla. Stat. tit. 22 § 1086 (West 2000); Berget v. State, 907 P.2d 1078, 1080-81 (Okla. Crim. App. 1995).

We cannot say, however, that appellant's claim of ineffective assistance of counsel is procedurally barred. First, this claim cannot be barred on the basis of appellant's failure to file a direct appeal from his no contest plea. See Hickman v. Spears, 160 F.3d 1269, 1272 (10th Cir. 1998) (holding that time frame for Oklahoma post-plea appeal is insufficient to allow appellant to develop ineffective assistance of counsel claims on direct appeal). Second, although

appellant subsequently failed to take timely appeal from the denial of his application for post-conviction relief, the Oklahoma courts may still permit him to remedy that omission. Appellant argues that he was misled about whether the Oklahoma Appellate Public Defender was handling his appeal. Given these circumstances, it is possible that the Oklahoma Court of Criminal Appeals would now grant appellant an appeal out of time from the denial of his application for post-conviction relief as to his ineffective assistance claim. See Okla. Crim. App. R. 2.1(E), 5.2(A). Since appellant has an available procedure for presenting this claim to the Oklahoma courts, he has not exhausted this claim and his petition should be dismissed to allow him to do so. See 28 U.S.C. § 2254(c); Rose v. Lundy , 455 U.S. 509 (1982).

We therefore GRANT appellant's application for a CPC, in order to VACATE the district court's judgment, and REMAND this case with instructions to dismiss the petition to allow appellant to seek an appeal out of time or other appropriate relief from the Oklahoma courts.

Entered for the Court


Mary Beck Briscoe
Circuit Judge