**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK WILKERSON,

Petitioner-Appellant,

v.

JUSTIN JONES, Director,

Respondent-Appellee.

No. 06-6265

(W.D. of Okla.)

(D.C. No. CV-06-423-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Mark Wilkerson, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For substantially the same reasons set forth by the magistrate judge, we find that Wilkerson has failed to make the requisite showing for a COA and therefore DENY his request.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Wilkerson was charged along with two co-defendants in the District Court of Caddo County, Oklahoma with Robbery with a Dangerous Weapon, Kidnapping, and Burglary in the First Degree. On November 4, 2003, the day his trial was scheduled to begin, Wilkerson entered a guilty plea to all three charges. Wilkerson subsequently filed a pro se motion to withdraw his plea. The court conducted a hearing on the motion to withdraw on December 3, 2003 and denied it. Pursuant to his plea agreement, Wilkerson was sentenced to twenty-five years on each count, with the sentences to run concurrently.

Wilkerson was appointed new counsel to pursue an appeal in state court. His brief raised seven grounds for relief: (1) his guilty plea was not supported by sufficient factual basis in the record; (2) his plea was involuntary because he did not understand the law in relation to the facts; (3) his plea was involuntary because he was not advised of the correct ranges of punishment for the crimes; (4) the trial court abused its discretion in denying his motion to withdraw the plea; (5) the evidence did not support the charges; (6) he did not receive effective assistance of counsel with respect to his guilty plea and motion to withdraw; and (7) he was denied his Sixth Amendment right to the assistance of counsel in pursuing his motion to withdraw.

The Oklahoma Court of Criminal Appeals (OCCA) in an opinion entered on January 19, 2005 concluded that the record contained a sufficient factual basis to

2

support Wilkerson's conviction for robbery with a dangerous weapon and affirmed that conviction and sentence. The OCCA, however, found that the record did not provide a sufficient factual basis to support Wilkerson's convictions for kidnapping or first-degree burglary. Nevertheless, the OCCA found sufficient factual basis to support a charge of second-degree burglary.

In accordance with these findings, the OCCA reversed the kidnapping conviction with instructions to dismiss. Because the OCCA found that Wilkerson's plea was voluntary and "the record leaves no doubt Petitioner would have voluntarily pled guilty to second-degree burglary, rather than first-degree burglary, if his argument regarding the lack of a human being in the home had been accepted at the trial court level," Resp. Pet. Ex. B at 10–11, the court determined that it was not necessary to allow Wilkerson to withdraw his plea. Instead, the OCCA modified the sentence for the burglary conviction to seven years, to run concurrently with the other sentences, and a fine of $1,000. The OCCA concluded this resolution rendered moot the remainder of Wilkerson's grounds for relief.

Wilkerson's subsequent application for post-conviction relief in the Caddo County district court was denied because Wilkerson failed to raise the claims on direct appeal. Wilkerson appealed the denial to the OCCA, which affirmed the district court. The OCCA found that all issues Wilkerson raised in his direct

3

appeal were barred by res judicata and that Wilkerson waived the claims he had not raised in his direct appeal.

Wilkerson filed a petition for federal habeas relief based on eight grounds: (1) his plea was involuntary because of misrepresentation and ineffective assistance of trial counsel; (2) his convictions violate double jeopardy; (3) his plea was involuntary because he did not understand the law in relation to the facts; (4) his plea was involuntary because he was not advised of the correct punishment ranges; (5) the district court abused its discretion when it denied Wilkerson's motion to withdraw his plea; (6) the evidence did not support the charges; (7) he did not receive effective assistance of counsel; and (8) he was deprived of his right to counsel in pursuing his motion to withdraw his guilty plea.

The federal district court denied his petition, adopting the report and recommendation of the magistrate judge. The court held that Wilkerson had procedurally defaulted his first two claims (involuntary plea due to misrepresentation of trial counsel and double jeopardy) because these claims were not raised in Wilkerson's direct appeal and were therefore waived in his state post-conviction proceedings. The court held that Wilkerson's fourth claim, that he was not advised of the correct punishment ranges for kidnapping and first-degree burglary, was mooted by the OCCA's reversal and modification of those convictions. Finally, the district court disposed of the remainder of Wilkerson's

4

claims on the merits.  The district court denied Wilkerson's request for a COA and to proceed in forma pauperis on appeal.

Wilkerson raises the following grounds for relief on appeal to this court: (1) he was deprived of his right to counsel in pursuing his motion to withdraw his guilty plea; (2) he did not receive effective assistance of counsel; (3) his plea was involuntary due to misrepresentation and ineffective assistance of trial counsel; and (4) his conviction violates double jeopardy.

## II.  Discussion

To appeal the district court's denial of his § 2254 petition, Wilkerson must obtain a COA by making "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Because we find that Wilkerson has not made such a showing, we deny COA and dismiss the appeal.

### A.  Procedural Default

On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Hickman v. Spears*, 160 F.3d 1269, 1271

5

(10th Cir. 1998). The OCCA concluded that, under Oklahoma's Post-Conviction Procedure Act, Wilkerson waived all claims which could have been raised on direct appeal but were not. *See* Okla. Stat. tit. 22, § 1086. The district court thus determined Wilkerson procedurally defaulted two of his claims: that his plea was involuntary due to trial counsel's misrepresentation and that his convictions violate double jeopardy.[1] We agree with the district court.

The OCCA's application of its procedural bar rule is an independent and adequate state law ground to default Wilkerson's claims. Wilkerson asserts no cause for the default other than his pro se status when he filed his motion to withdraw. Wilkerson had appointed counsel for his direct appeal, and he has shown no cause for his default at the appellate level. Nor has Wilkerson shown the probability of actual innocence required for the fundamental miscarriage of justice exception to a procedural bar. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Because ineffective assistance claims can be difficult to raise on direct appeal due to the self-interest of trial counsel, we apply more stringent review to procedural bars of Sixth Amendment ineffective assistance of counsel claims. We

---

[1] Even if the double jeopardy claim were not barred, it is meritless given the different elements of the robbery and burglary charges. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not").

will not apply a procedural bar to an ineffective assistance of counsel claim unless the petitioner could "obtain an objective assessment of trial counsel's performance" and "adequately develop the factual basis of his claims of ineffectiveness" in the state court appeal. *English v. Cody*, 146 F.3d 1257, 1263 (10th Cir. 1998).

Wilkerson had different trial and appellate counsel, so he had an opportunity to obtain an objective assessment of his trial counsel's performance. *See id*. at 1264. Wilkerson also had a chance to adequately develop a factual basis for his claim in state court. Wilkerson claimed in his direct appeal that his trial counsel was ineffective and his guilty plea involuntary for several other reasons, but he failed to raise the specific allegation he raises here—that his trial counsel had "tricked" him into pleading guilty by withholding information about possible defenses and by telling him he would serve only seven years of his twenty-five year sentence. Although Wilkerson's claim of misrepresentation by trial counsel depends on evidence not in the record available to the OCCA, the procedural bar will apply if Wilkerson could have expanded the appellate record to include his allegations. *See Spears v. Mullin*, 343 F.3d 1215, 1252 (10th Cir. 2003).

Oklahoma criminal procedure rules permit the OCCA to remand disputed factual issues to the trial courts for evidentiary hearings in appropriate cases. *Berget v. Oklahoma*, 907 P.2d 1078, 1085 (Okla. Crim. App. 1995). The state

bears the burden of proving that this procedural mechanism is adequate to develop the factual basis for ineffective assistance claims, but Wilkerson must nevertheless "allege with specificity why the state procedural rules were inadequate to have permitted him to raise the omitted claim on direct appeal." *Spears*, 343 F.3d at 1252. Wilkerson argues only that his appellate counsel did not know of the issue. Wilkerson's appellate counsel did, however, raise numerous issues concerning the advice of Wilkerson's trial counsel, and Wilkerson himself in his pro se motion to withdraw his plea presented allegations concerning his counsel's advice. Wilkerson has not alleged why OCCA's rules were inadequate to permit him to raise the specific claim on direct appeal that his trial counsel misled him in plea consultations. Accordingly, we are procedurally barred from considering this claim in Wilkerson's federal habeas petition.

**B. Wilkerson's Reviewable Claims**

We do not think the district court's analysis of Wilkerson's remaining claims is debatable. Wilkerson argues both that he was deprived of his right to counsel during his pro se motion to withdraw and that his counsel was otherwise ineffective.

To prevail on these Sixth Amendment claims, Wilkerson must show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984). First, the absence of counsel on Wilkerson's pro se motion to withdraw was not prejudicial because Wilkerson had appellate counsel and obtained relief on two of the three

8

convictions entered against him. Wilkerson, moreover, is not entitled to a presumption of prejudice because of a "complete failure of the adversary system" when he lacked counsel only for his motion to withdraw. *See Bell v. Cone*, 535 U.S. 685, 697 (2002) (applying the *Strickland* test when petitioner alleged absence of counsel only at specific points in the proceeding).

Second, Wilkerson failed to show prejudice regarding the other errors he imputes to his trial counsel: we see no reasonable probability that Wilkerson would not have entered a guilty plea but for counsel's alleged errors when we consider the plea colloquy, the potential testimony of Wilkerson's co-defendant against him, and the OCCA's findings on appeal. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Lastly, the OCCA rejected the claim in Wilkerson's direct appeal that his plea was not knowing and voluntary. In doing so, the OCCA relied on facts which are presumptively correct under 28 U.S.C. § 2254(e)(1). Wilkerson offers us no reason to doubt that presumption. None of the grounds asserted by Wilkerson rises to the level of a substantial showing of a denial of a constitutional right.

### III. Conclusion

For the reasons stated, we DENY the application for COA, DENY the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge