**Lewis C. THOMAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–292.**

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1978.

Burke Mordy, Mordy & Clark, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Lewis C. Thomas, hereinafter referred to as defendant, was charged in the District Court, Carter County, Case No. CRF–76–13, for the offense of Cultivating Marijuana, in violation of 63 O.S.Supp.1977, § 2–509. A jury assessed punishment at five (5) years' imprisonment. From said judgment and sentence the defendant has perfected an appeal to this Court.

The single assignment of error which requires reversal in the instant case is that the affidavit for a search warrant was wholly insufficient to support a finding of probable cause by the magistrate issuing the search warrant under which the contraband was seized. The defendant correctly argues that the following affidavit was insufficient:

"David Willingham of lawful age, being first duly sworn upon oath, deposes and says:

"1. That he is a detective with the Ardmore Police Department Ardmore, Oklahoma; that he has been a detective for one (1) year; that he has been a member of the Ardmore Police Department for five (5) years.

"2. That on the 24th day of January, 1976, affiant received information that marijuana was being sold from the above named residence.

"3. That the information was received from a person who was observed making what was apparently a marijuana purchase from the above named residence. Further this affiant has on another occassion [sic] observed what appeared to be a purchase of marijuana from the same residence, and later was found to be marijuana.

"4. That this affiant has received reliable information that marijuana was being sold at the above residence on at least eight other occassions [sic].

"5. That affiant has reliable information that on this date there is an unknown quantity of marijuana in the above residence, more particularly in the first bedroom on the right when entering from the North entrance of the house and proceeding South.

"said residence being occupied and under the control of Lewis C. Thomas and other unknown persons."

From a detailed examination of this affidavit we find that it does not meet the standards set forth by the Supreme Court of the United States in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), and *Pierce v. State,* Okl.Cr., 491 P.2d 335 (1971). In accordance with these authorities we find that the affidavit was wholly insufficient to establish probable cause for the magistrate to issue the search warrant, and we are of the opinion that the court erred in failing to suppress the evidence seized under the authority of the search warrant. We accordingly REVERSE AND REMAND this cause for further proceedings not inconsistent with this opinion.

CORNISH and BRETT, JJ., concur.