**Walter A.D. Howard HAGLER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–82–397.**

Court of Criminal Appeals of Oklahoma.

May 20, 1983.

---

Robert M. Murphy, Jr., Stillwater, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Walter A.D. Howard Hagler, Jr., appeals from his conviction for Unlawful Possession of Marihuana and sentence of one hundred and twenty (120) days' imprisonment in the Payne County jail which arose out of Payne County District Court Case No. CRF–81–345. Appellant was originally charged with the felony crime of Possession of Marihuana with Intent to Distribute but was found by the jury to be guilty of the lesser misdemeanor offense.

In his brief appellant argues that the search which resulted in discovery of marihuana was illegal. We agree.

The record reveals that four police officers went to the appellant's residence where they broke the front door open and pursuant to a warrant arrested the appellant. Subsequent to arresting the appellant in the living room two of the officers stayed behind for approximately fifteen minutes to secure the premises. During this period of time the officers observed a bottle which officer Howard described in his affidavit for search warrant as containing amphetamines. Officer Howard described the plastic bottle as translucent. However, the other officer, Cushing Police Chief Gourley testified that the bottle was opaque. After issuance and execution of a search warrant the plastic bottle was found to contain decongestant capsules.

Based on the search warrant the officers conducted an extensive search of the appellant's residence. Several small packages of marihuana were discovered in the living room hidden in the back of a stereo speaker.

In an effort to justify his actions at the in camera suppression hearing, Officer Howard stated that:

> Prior to this confidential informant had purchased marihuana from the defendant. I am not sure of the correct date. But it was not a very long time before this. So in my own belief I do believe that, you know, that in itself presents probable cause that there was [sic] other illicit narcotics in that residence.

However, the alleged informant's information was never communicated to the magistrate who issued the warrant.

It is clear that Officer Howard's affidavit for search warrant was based on speculation and suspicion. Officer Howard did not convey sufficient facts to the magistrate to justify issuance of the warrant and the subsequent search. This failure to produce sufficient evidence before the magistrate, either by way of affidavit for the search warrant, or sworn testimony, leaves us no other alternative than to reverse and remand this case with instructions to dismiss. See, *Looney v. State*, 520 P.2d 814 (Okl.Cr. 1974).

For all of the above and foregoing reasons, this cause is REVERSED and RE-MANDED with instructions to DISMISS.

CORNISH and BRETT, JJ., concur.