David Wayne WOODRUFF, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–95–175.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1996.

Patrick J. Ehlers, Jr., Indigent Defense System, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General, A. Diane Blalock, Assistant Attorney General, Oklahoma City, for Respondent.

### OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner David Wayne Woodruff has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF 87–397. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Woodruff v. State*, 846 P.2d 1124 (Okl.Cr.1993). A petition for rehearing was denied by this Court in March 1993 and a petition for certiorari was subsequently denied by the United States Supreme Court. *Woodruff v. Okla-*

*homa,* —— U.S. ——, 114 S.Ct. 349, 126 L.Ed.2d 313 (1993). Petitioner's application for post-conviction relief was filed in the District Court of Oklahoma County and subsequently denied by the court on February 16, 1995. It is this denial which the Petitioner appeals.

 Petitioner is now asking this Court to review the validity of his conviction and sentence for the third time. This Court's consideration of Petitioner's claims is strictly limited by the provisions of the Uniform Post–Conviction Procedure Act. 22 O.S. 1991, § 1080 *et seq.*[1]. The application of the act is limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985). Issues which were raised and decided on direct appeal are barred from further consideration by *res judicata. Castro v. State,* 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992); *Coleman v. State,* 693 P.2d 4 (Okl.Cr.1984); 22 O.S. 1991, § 1086. Issues which were not raised on direct appeal, but could have been raised are waived. *Rojem v. State,* 829 P.2d 683 (Okl.Cr.), *cert. denied* 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992); *Smith v. State,* 546 P.2d 1351 (Okl.Cr.1976); 22 O.S.1991, § 1086. An exception to these rules exists when the court finds a ground for relief asserted which "for sufficient reason was not asserted or was raised inadequately in the prior application for post-conviction relief" or "when an intervening change in constitutional law impacts the judgment and sentence." *Bryson v. State,* 903 P.2d 333 (Okl.Cr.1995); *Rojem,* 829 P.2d at 684; 22 O.S.1991, § 1086.

 Proposition Nos. I, XVII and XVIII are the only propositions which contain issues which were not raised, and could not have been raised, on direct appeal. Proposition Nos. V, VI, X and XI were raised on direct appeal and are therefore barred by *res judicata.*[2] Proposition Nos. IV, VII, VIII, XII, XIII, XIV, XV, XVI, are issues which could have been raised on direct appeal but were not and are therefore waived.[3] Proposition Nos. II and III raise the issue of ineffective assistance of counsel and will be addressed separately.

 In Proposition I, Petitioner claims newly discovered evidence regarding the temperature in the victim's apartment after the murder warranted an evidentiary hearing by the trial court, and presumably post-conviction relief. Title 22 O.S.Supp.1995, § 1084, provides that an evidentiary hearing will only be required "if the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact." Here, the trial court reviewed Petitioner's complaint in light of the pleadings and record and found no evidentiary hearing was necessary. We agree.

---

1. Post-conviction relief in capital cases is governed by 22 O.S.Supp.1995, § 1089. Subsection D provides that all matters not specifically addressed by the provisions of section 1089 are subject to the provisions of the Post–Conviction Procedure Act, 22 O.S.1991, § 1080 *et. seq.* Petitioner's direct appeal and post-conviction application were filed prior to the enactment of the current post-conviction statutes and therefore arguments regarding consideration of his direct appeal must be reviewed in that context.

2. In Proposition V Petitioner asserts he has newly discovered evidence Greg Meyers was given a "deal" undisclosed to the defense in exchange for his testimony. Proposition VI challenges the sufficiency of the evidence supporting the convictions. Proposition X challenges the constitutionality of Oklahoma's death penalty and Proposition XI addresses the diminution of the jury's sense of responsibility in their sentencing decision.

3. In Proposition No. IV Petitioner argues the State withheld certain exculpatory evidence. Proposition VII challenges the State's use of peremptory challenges. In Proposition VIII Petitioner argues he should not have been forced to share peremptory challenges with his co-defendant. Proposition IX raises the issue of prosecutorial misconduct and asserts that evidence of co-defendant Romano's sentence for the Thompson murder affected the jury's consideration of his sentence in this case. Proposition XII challenges the exclusion of potential jury members over the age of seventy pursuant to 38 O.S.1991, § 28(A). Proposition XIII raises the issue of individual voir dire. In Proposition XIV Petitioner challenges the prosecution's ability to file a bill of particulars. In Proposition XV Petitioner argues his sentence for robbery with a dangerous weapon was excessive. Proposition XVI asserts that implementing the death penalty by lethal injection violates the constitutional provisions against cruel and unusual punishment.

Petitioner argued that testimony by a retired homicide detective nine years after the murder that the temperature in the victim's apartment was approximately 90 degrees was newly discovered evidence.[4] The court found that under the law, the evidence did not meet the requisite standard of newly discovered evidence as there was no reasonable probability that if the evidence had been introduced, different results would have been reached. *See Guthrie v. State,* 679 P.2d 278, 280 (Okl.Cr.1984). Indeed, the record shows the temperature inside the victim's apartment was only one factor among many in determining the victim's time of death. The trial court properly found the issue could be decided on the record and properly found no relief was warranted.

■ Petitioner argues in his seventeenth proposition of error the trial court erred in failing to grant his request for post-conviction discovery. Petitioner has cited no authority authorizing full discovery of the prosecution's file during post-conviction proceedings. Petitioner has failed to show the State is in possession of any previously undisclosed exculpatory evidence. There is nothing in the record to indicate that all discovery made prior to trial and contemporaneous with trial was not sufficient. *See Smith v. State,* 878 P.2d 375, 379 (Okl.Cr.), *cert. denied* —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). Accordingly, we find no error in the trial court's failure to grant Petitioner's discovery request.

■ In his eighteenth proposition of error, Petitioner alleges the trial court erred in failing to hold an evidentiary hearing on his request for post-conviction relief. The issues raised in Petitioner's application for post-conviction relief did not require the taking of evidence by the trial court. We therefore find the trial court properly denied Petitioner's request for an evidentiary hearing. *Johnson v. State,* 823 P.2d 370, 373 (Okl.Cr.

1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

Proposition Nos. II and III raise the issue of ineffective assistance of counsel. In Proposition No. II Petitioner asserts trial counsel was ineffective for not presenting evidence of his life prior to the time he was adopted (the first two years of Petitioner's life) as second stage mitigating evidence. In Proposition No. III Petitioner argues the ineffectiveness of trial counsel discussed in Proposition II violated *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). He also sets forth a litany of errors and shortcomings by trial counsel. Finally, in Proposition III Petitioner argues appellate counsel was ineffective for failing to raise a claim of ineffective assistance of counsel on direct appeal as well as failing to raise any of the issues deemed waived herein. Petitioner argues that should this Court find any claim in his post-conviction application waived by appellate counsel's failure to raise the issue on the direct appeal then this Court should find Petitioner was deprived of effective assistance of appellate counsel.

■ This Court has treated claims of ineffective trial counsel the same as any other issue raised on post-conviction. It is to be raised on direct appeal, not through a collateral attack, or it is waived. *Berget v. State,* 907 P.2d 1078 (Okl.Cr.1995); *Strong v. State,* 902 P.2d 1101 (Okl.Cr.1995). Only if the claim is supported by evidence outside of, and therefore not contained within, the record, can the claim be properly raised collaterally. *Berget,* 907 P.2d at 1083–84. If the claim can be substantiated by a review of the appellate record, it must be raised on direct appeal or it is waived. *Id.*

■ Petitioner's second and third propositions of error as they relate to trial counsel are claims based on the appellate record. Trial counsel's performance can be reviewed based upon the record submitted for appeal. Therefore, the failure to raise the issue on

---

4. Petitioner and co-defendant John Joseph Romano were also convicted and sentenced to death for the murder of Lloyd Thompson. Those convictions were overturned on appeal due to

improper joinder. The cases were re-tried and both defendants were again found guilty. The testimony in question by retired homicide detec-

direct appeal waived further consideration.[5]

As for reviewing the performance of appellate counsel, in analyzing this type of claim, this Court is guided by the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Cartwright v. State,* 708 P.2d 592, 594 (Okl.Cr.1985), *cert. denied* 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). The basic test for ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93. The appellant bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.,* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. *Id.* at 696, 104 S.Ct. at 2070, 80 L.Ed.2d at 699. To meet both the deficient performance and prejudice prongs, Petitioner must establish that his appellate counsel failed to raise issues warranting reversal, modification of sentence or remand for resentencing. *Hooks v. State,* 902 P.2d 1120 (Okl. Cr.1995).

We have examined each claim of ineffectiveness alleged, individually and in the aggregate, and conclude that none warrant relief. Petitioner was represented in the direct appeal by the Appellate Public Defender's Office, predecessor to the Oklahoma Indigent Defense System. Appellate counsel presented this Court with a thorough well researched brief raising relevant, well-reasoned issues. The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel, the Oklahoma Indigent Defender, is not evidence of ineffectiveness. It is the role of appellate counsel to carefully select and develop the legal issues to be presented to the court and not raise every non-frivolous issue conceivable.[6] Finding none of the allegations raised warrant reversal, modification, or resentencing, we find no evidence of ineffective assistance of appellate counsel.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby **AFFIRMED.**

JOHNSON, P.J., CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.

CHAPEL, Vice Presiding Judge, concurring:

I concur in the Court's decision in this case. However, for reasons set out in my concurring opinion in *Paxton v. State,* —— P.2d —— (Okl.Cr.1996), I do not support the reasoning and assertions set forth in footnote 6 of this opinion.

---

tive Jerry Martin was given in the re-trial of co-defendant Romano for the Thompson murder.

**5.** Both the State and the trial court found the issue of ineffective assistance of trial counsel had been raised on direct appeal and was therefore *res judicata.* However, the effectiveness of counsel issue was raised on direct appeal only in so far as it related to counsel's decision to leave a particular juror on the jury panel. A general claim of ineffective counsel was not raised on direct appeal.

**6.** "If counsel honestly finds a factual basis for an allegation of ineffective counsel within the attorney's own office, that information should be reported to the proper administrative oversight authority for appropriate action. If the facts are such the Rules of Professional Conduct are applicable, Rule 8.3 requires a licensed attorney to report that conduct to the Oklahoma Bar Association. See 5 O.S.1991, § Ch. 1, App. 3–A." *See Castro v. State,* 880 P.2d 387, 390 (Okl.Cr.1994).