**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOE LOUIS SMITH,

      Petitioner - Appellant,

v.

LENORA JORDAN, Warden,

      Respondent - Appellee.

No. 06-5200
(D. Ct. No. 03-CV-0092-EA)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

      After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Petitioner-Appellant Joe Louis Smith, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the District Court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Smith's request for a COA, and DISMISS this appeal.

On May 28, 1999, a citizen informed a Tulsa, Oklahoma police officer that a man was carrying a weapon inside a bar in downtown Tulsa. Based upon this information, the officer went inside the bar and identified Mr. Smith as the man described by the citizen. Upon observing what appeared to be the butt of a handgun in Mr. Smith's front pocket, the officer ordered him to stop and place his hands in the air. Mr. Smith did not immediately comply and he appeared to make movements toward his pocket. The officer drew his weapon and again ordered Mr. Smith to raise his hands. Mr. Smith then complied with the officer's instructions. The officer placed handcuffs on Mr. Smith. While he did so, the officer observed a cigarette package drop from Mr. Smith's left hand. The gun in Mr. Smith's pocket turned out to be a cap gun, but the cigarette package contained two crack pipes and a vial of crack cocaine.

Mr. Smith was charged in Tulsa County District Court with unlawful possession of a controlled drug after former conviction of a felony (Count 1), and unlawful possession of drug paraphernalia (Count 2). A jury found Mr. Smith guilty on both counts, and the trial court sentenced him to twenty years' imprisonment on Count 1 and imposed a five hundred dollar fine on Count 2.

On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence of the trial court over objections that are unrelated to the present appeal. On October 4, 2002, Mr. Smith filed an application for post conviction

relief in the state district court arguing, *inter alia*, that the trial court erroneously denied

Mr. Smith's pre-trial motion to dismiss and motion to suppress evidence based on alleged

violations of his Fourth Amendment rights. Specifically, Mr. Smith argued that once the

police officer became aware that the gun in Mr. Smith's pocket was a toy, he had no legal

justification to detain Mr. Smith or to search him further. Consequently, he argued, the

search of the cigarette package was illegal. The state district court rejected Mr. Smith's

post-conviction petition because the issues advanced had not been raised on direct appeal

and thus were procedurally barred under Oklahoma law. *See* 22 Okla. Stat. § 1086; *see*

*also, e.g.*, *Woodruff v. State*, 910 P.2d 348, 350 (Okla. Ct. Crim. App. 1996) (explaining

that "[i]ssues which were not raised on direct appeal, but could have been raised are

waived"). Mr. Smith appealed to the OCCA, advancing the same Fourth Amendment

claims and adding a Sixth Amendment claim of ineffective assistance of appellate

counsel, based on his counsel's failure to raise the waived Fourth Amendment claims on

direct appeal. The OCCA denied relief, concluding that the Fourth Amendment claims

are procedurally barred. As to the Sixth Amendment claim, the court summarily

concluded that the record did not support Mr. Smith's claim of ineffective assistance of

appellate counsel, without any discussion of the merits of the underlying claim.

Mr. Smith filed his federal habeas petition in District Court on February 4, 2003.

He raised seven arguments, including the Fourth and Sixth Amendment claims the OCCA

had rejected. Of relevance to the present appeal, the District Court ruled that the Fourth

Amendment claims were procedurally barred, and that the OCCA's rejection of these

claims rests on independent and adequate state grounds. *See Cannon v. Gibson*, 259 F.3d 1253, 1265–66 (10th Cir. 2001). The court also concluded that, in any event, the Fourth Amendment claims failed on the merits, which resolved the Sixth Amendment claim. The District Court denied Mr. Smith a COA on October 11, 2006. He now seeks a COA from this Court based on the same Fourth and Sixth Amendment arguments.[1]

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the necessary showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (alteration and internal quotation marks omitted). Because we conclude that jurists of reason could not debate whether the District Court should have resolved Mr. Smith's petition differently, we reject his application.

The OCCA rejected Mr. Smith's claim of ineffective assistance of appellate counsel on the merits; in so doing, however, the court failed to consider the underlying Fourth Amendment issues that counsel was allegedly deficient in failing to raise. *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (assessing ineffective assistance of appellate counsel claim requires court to decide whether counsel's performance was

---

[1]Mr. Smith does not advance the other claims originally raised in his § 2254 petition as a basis for this Court to issue a COA.

deficient, which in turn requires evaluation of the merits of the omitted claims). The District Court noted that ordinarily on habeas review it would be limited to determining whether the OCCA's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law," *see* 28 U.S.C. § 2254(d)(1); but since the OCCA's rejection of Mr. Smith's claim was based on an application of an incorrect legal standard, it reviewed Mr. Smith's ineffective assistance claim de novo. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003); *Revilla v. Gibson*, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002) (explaining that review of the merits of a habeas claim is unconstrained by AEDPA deference where the state court applied the incorrect standard of review).

Mr. Smith's ineffective assistance claim is based on his appellate counsel's failure to appeal the trial court's Fourth Amendment. At trial, Mr. Smith argued that his detention by the officer was unreasonable once it became clear that the gun he was carrying was merely a toy, and that, therefore, the officer's search of Mr. Smith's cigarette package was also illegal. In rejecting Mr. Smith's habeas petition, the District Court carefully reviewed the trial testimony relating to the events surrounding Mr. Smith's arrest and concluded that neither the initial stop nor the discovery of the illegal drugs and drug paraphernalia violated Mr. Smith's Fourth Amendment rights. We agree. The officer's initial stop of Mr. Smith was lawful because the officer had reasonable suspicion that Mr. Smith was illegally carrying a firearm in an establishment that served liquor. *See* Okl. Stat. tit. 21, § 1272.1 (making it unlawful for any person to carry or

possess any weapon in a liquor establishment); *United States v. Madrid*, 30 F.3d 1269, 1275 (10th Cir. 1994) (explaining that officers may detain and frisk an individual for weapons when officers have a reasonable suspicion that the individual has committed a crime or is about to do so); *see also Terry v. Ohio*, 392 U.S. 1, 27 (1968) (holding police officer may detain and frisk a person if officer has reasonable suspicion that the person is armed or dangerous); *United States v. Shareef*, 100 F.3d 1491, 1505 (10th Cir. 1996) ("A mistaken premise can furnish grounds for a *Terry* stop, if the officers do not know that it is mistaken and are reasonable in acting upon it." (quotation omitted)). The officer received a tip that Mr. Smith was carrying a weapon, which was corroborated when the officer saw what appeared to be the butt of a handgun in Mr. Smith's right front pocket. The officer therefore had a reasonable suspicion that Mr. Smith was committing a crime. *See, e.g.*, *Alabama v. White*, 496 U.S. 325, 330–32 (1990) (holding that an anonymous tip can serve as the basis for reasonable suspicion when it is corroborated by further police observation). When the officer stopped Mr. Smith, Mr. Smith dropped the cigarette package that contained the drugs and the drug paraphernalia. At this point, the cigarette package was abandoned and it was legal for the officer to search the package because Mr. Smith had no reasonable expectation of privacy in the property. *See United States v. Trimble*, 986 F.2d 394, 399 (10th Cir. 1993) (explaining warrantless search or seizure of voluntarily abandoned property is not unreasonable under Fourth Amendment because the individual has forfeited any expectation of privacy he may have had in the property; existence of police pursuit at the time of abandonment does not render abandonment

involuntary). The Fourth Amendment arguments that Mr. Smith claims his appellate counsel should have raised lack merit. Consequently, counsel was not ineffective in failing to raise them, and Mr. Smith's Sixth Amendment claim fails.

As discussed, Mr. Smith's Fourth Amendment claims lack merit. In any event, a federal court may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the default and prejudice or a fundamental miscarriage of justice. *Cannon*, 259 F.3d at 1266. The OCCA's application of its procedural bar, 22 Okla. Stat. § 1086, is an "independent" and "adequate" basis for rejecting Mr. Smith's Fourth Amendment claims. *See Maes v. Thompson*, 46 F.3d 979, 985 (10th Cir. 1995) ("A state court finding of procedural default is independent if it is separate and distinct from federal law."); *id.* at 986 ("A state court finding of procedural default is adequate if it is strictly or regularly followed." (quotation omitted)). The District Court concluded that the OCCA's application of its procedural rule was proper, and reasonable jurists could not debate this conclusion.

Mr. Smith proffers only one argument that may be interpreted as "cause" for his default on these claims in state court: his counsel on appeal was ineffective. To show cause for a procedural default, the petitioner must show "that some objective factor external to the defense impeded . . . efforts to comply with State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For the reasons discussed above, ineffective assistance of counsel on appeal does not constitute cause for the procedural

bar here. *See id.* ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").  Beyond this claim, Mr. Smith offers no further argument to support a finding of cause and prejudice.

We have carefully reviewed Mr. Smith's brief, the District Court's thorough opinion, and the record on appeal.  We cannot say that reasonable jurists could debate whether Mr. Smith's petition should have been resolved in a different manner.  We therefore DENY Mr. Smith's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge