**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLENN DALE PEARL,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director,[*]

      Respondent-Appellee.

No. 07-7024
(D.C. No. 6:04-CV-00534-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

Glenn Dale Pearl appeals the district court's denial of his 28 U.S.C. § 2254

application for a writ of habeas corpus. This court previously granted Mr. Pearl a

certificate of appealability (COA) on one issue: "whether his trial counsel was

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Justin Jones, the Director of the Oklahoma Department of Corrections, is substituted for Ron Ward as appellee in this action. *See Dulworth v. Jones*, 496 F.3d 1133, 1133 n.* (10th Cir. 2007).

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ineffective." Order at 1. Our jurisdiction arises under 28 U.S.C. §§ 1291 and

2253(a), and we affirm.

## BACKGROUND

In February 2003, an Oklahoma jury found Mr. Pearl guilty of first degree

manslaughter. He was sentenced to twenty-five years' imprisonment. Mr. Pearl

appealed his conviction and sentence (with different counsel representing him),

advancing several grounds for relief; among them, that trial counsel's failure to

call him to the stand to support his claim of self-defense constituted ineffective

assistance in violation of the Sixth Amendment "because Mr. Pearl was the *only*

witness who could testify to his subjective belief of the danger Mr. Fulbright

posed and of the escalation of the fight which led Mr. Pearl to use deadly force."

R. Vol. 1, Doc. 1, App. 6 at 11-12. In May 2004, the Oklahoma Court of

Criminal Appeals (OCCA) affirmed Mr. Pearl's conviction and sentence, stating,

in part:

> The defendant does not have to testify in order to raise the defense of
> self-defense. A defendant has the ability to raise self-defense
> through cross-examination of State witnesses. . . .
>     In the present case, self-defense was adequately raised through
> evidence developed in cross-examination of State witnesses
> suggesting the victim had been the aggressor.[1] Any failure by

---

[1]     Specifically, the OCCA observed: "[W]e have Rosemary Johnson's
testimony concerning the events immediately prior to the fatal altercation, Dennis
Pearl's testimony regarding Appellant's statement the victim hit him and was
choking him, so he stabbed the victim, and Appellant's written statement

(continued...)

counsel to put Appellant on the stand was not ineffective assistance of counsel as the defense of self-defense was sufficiently put before the jury in other evidence. Appellant has not shown his testimony would have been more advantageous than prejudicial. Therefore, he has failed to meet his burden of showing a reasonable probability that, but for any error by counsel, the result of his trial would have been different.

*Id.* Doc. 12, Ex. C at 2-3 (citations and footnote omitted).

Proceeding pro se, Mr. Pearl next filed an application for post-conviction relief and a motion for an evidentiary hearing in state court. In the application, Mr. Pearl re-urged the ineffective-assistance claim raised on direct appeal and asserted that he had told trial counsel that he wanted to testify but counsel "refused to let [him testify]." *Id.* Doc. 1, App. 3 at 3. In September 2004, the state court, without holding an evidentiary hearing, denied Mr. Pearl's application for post-conviction relief, stating: "[t]he single proposition urged . . . was raised and decided in his direct appeal, and he is barred from re-urging it here." *Id.* App. 4 at 2 (citing *Woodruff v. State*, 910 P.2d 348, [350] (Okla. Crim. App.

---

[1](...continued)
concerning the altercation itself. Therefore, Appellant's testimony at trial was not required." R. Vol. 1, Doc. 12, Ex. C at 2, n.1.

1996)).[2] Mr. Pearl did not appeal to the OCCA the denial of post-conviction relief.

In December 2004, Mr. Pearl filed a pro se § 2254 application for a writ of habeas corpus in federal district court. In it, he re-urged the ineffective-assistance claim raised on direct appeal and asserted that trial counsel did "not allow [him] to testify,[3] or advise and consult that it was solely [his] right whether to testify or remain silent." *Id*. Doc. 1 at 13. Mr. Pearl also took issue with the state court's denial of post-conviction relief to the extent that it implicitly denied his motion for an evidentiary hearing.

Respondent filed a motion to dismiss for failure to exhaust state court remedies, arguing that although Mr. Pearl challenged trial counsel's performance on direct appeal, he did not do so "on the same ground[s] as set forth in [his] post-conviction application and as asserted in this habeas Petition." *Id.* Doc. 6 at 4. Mr. Pearl responded, stating that the only claim before the habeas court was his exhausted ineffective-assistance-of-counsel claim raised on direct appeal: trial counsel's "fail[ure] to call [him] to the stand in support of self-defense." *Id.*

---

[2]     Mr. Pearl concedes in his counseled brief to this court that the "specific claim" that trial counsel "prevented" him from testifying, Aplt. Br. at 2, which is an ineffecive-assistance-of-counsel claim, *Cannon v. Mullin*, 383 F.3d 1152, 1170, 1171 (10th Cir. 2004), "was not [raised] on direct appeal," Aplt. Br. at 2. Nor was the issue raised to the OCCA in an appeal from the denial of his application for post-conviction relief.

[3]     This claim was not raised on direct appeal. *See supra* note 2.

Doc. 7 at 5; *see also id.* at 7 ("It is clear the sole question [is] 'if' self-defense was warranted . . . . The fact finders never heard my viewpoint to determine if I was faced with imminent danger of death or great bodily harm BEFORE deadly force had been resorted to . . . .").

The district court overruled respondent's motion to dismiss relying on Mr. Pearl's clarification that the only claim at issue was his exhausted claim of ineffective assistance. Thus, the district court directed respondent to file an answer addressing the exhausted claim. Mr. Pearl replied to respondent's answer, imploring the district court to hold an evidentiary hearing and reintroducing his previously withdrawn arguments. *See, e.g.*, *id.* Doc. 16 at 2 (stating that trial counsel would not let him take the stand despite his expressed desire to do so); *id.* at 10 (suggesting that he did not "knowingly and voluntarily waive[]" his right to testify due to a "dereliction of duty" on the part of trial counsel).

The district court granted Mr. Pearl's request for an evidentiary hearing and appointed counsel. After the evidentiary hearing, the district court denied relief and dismissed the action. *Pearl v. Ward*, No. CIV 04-534-FHS, 2007 WL 869699, at *1-3 (E.D. Okla. Mar. 20, 2007). In denying relief, the court first detailed the hearing testimony. It then explained that even though the parties during the evidentiary hearing

> addressed . . . whether Petitioner voluntarily waived his right to testify and whether his trial counsel was ineffective. . . . the sole issue before the court *according to Petitioner's own admission* is

-5-

whether his Sixth Amendment right to effective assistance of counsel was denied [by trial counsel's failure to call him to the stand in support of his claim of self-defense]. Accordingly, this will be the only issue addressed by this court.

*Id.* at \*2 (emphasis added). Applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the district court found trial counsel's recommendation that Mr. Pearl not take the stand to establish self-defense was not deficient, noting that

> In Oklahoma, there is no requirement that a defendant take the stand in order to pursue a claim of self defense. *Williams v. State*, 915 P.2d 371, 375-376 (Okla. Crim. App. 1996). . . . [S]tate of mind is not the law of self-defense. A defendant can establish a valid self defense claim through circumstantial evidence. *Id.* It is purely a matter of trial strategy as to whether the defendant in a criminal trial will testify. *Camron v. State*, 829 P.2d 47, 55-56 (Okla. Crim. App. 1992).

*Pearl*, 2007 WL 869699, at \*2. Next, the district found that even if Mr. Pearl could demonstrate deficient performance, he could not demonstrate that his defense was prejudiced by deficient performance. *Id.* ("There is absolutely no evidence to indicate the outcome of the proceeding would have been different had Petitioner testified."); *see Strickland*, 466 U.S. at 687 (observing that in order to be entitled to relief, a petitioner must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his defense).

## THE ISSUE BEFORE THE COURT

As a preliminary matter, we note that Mr. Pearl, who is represented by counsel, does not specifically challenge the federal district court's limited articulation of the issue before it. Yet, he argues on appeal that trial counsel's

-6-

performance was deficient because counsel failed to inform him that the decision whether to testify was solely his. This assertion was not before the district court. The only claim before it, by Mr. Pearl's "own admission," was the claim he raised on direct appeal to the OCCA, *Pearl*, 2007 WL 869699, at \*2, namely, that trial counsel's failure to call him to the stand to support his claim of self-defense constituted ineffective assistance in violation of the Sixth Amendment "because [he] was the *only* witness who could testify to his subjective belief of the danger Mr. Fulbright posed and of the escalation of the fight which led Mr. Pearl to use deadly force." R. Vol. 1, Doc. 1, App. 6 at 11-12. The district court did not address the failure-to-inform argument and neither will we.

## STANDARD OF REVIEW

"We have held that after a federal-court evidentiary hearing, we no longer defer to the state court's decision." *Torres v. Lytle*, 461 F.3d 1303, 1312 (10th Cir. 2006). That is, after such a hearing, we do not apply the deferential standard contained in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), "even if the state court resolved the claim on the merits," *Young v. Sirmons*, 486 F.3d 655, 663 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1269 (2008).

> After all, when new evidence is produced during federal habeas proceedings, what the state court decided (the merits of a legal issue based on the factual record before it) is different from what the federal court must decide (the merits of the same legal issue but based on a materially different factual record).

-7-

*Torres*, 461 F.3d at 1312.  "In these circumstances, this court accepts the district court's factual findings unless they are clearly erroneous and reviews *de novo* whether counsel's performance was legally deficient and whether the deficiencies prejudiced the defendant."  *Bryan v. Mullin*, 335 F.3d 1207, 1216 (10th Cir. 2003) (en banc).

## DISCUSSION

We now address whether the district court properly determined that trial counsel's failure to call Mr. Pearl to the stand to support his claim of self-defense constituted ineffective assistance in violation of the Sixth Amendment.  A claim by a habeas petitioner "that counsel's assistance was so defective as to require reversal of a conviction . . . has two components."  *Strickland*, 466 U.S. at 687.  "To be entitled to relief, a petitioner must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his defense."  *Bryan*, 335 F.3d at 1216.  To carry his burden of demonstrating deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. 687.  To carry his burden of demonstrating prejudice, a petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*

During the federal evidentiary hearing in February 2007, Mr. Pearl testified about what he would have said on the stand in February 2003. Specifically, he stated that he did not want to fight Mr. Fulbright, and he therefore held the knife out in front of himself to keep Mr. Fulbright at a distance. He stated that Mr. Fulbright "told me that he was going to kill me," and explained that he took Mr. Fulbright's threat seriously. R. Supp. Vol. 1 at 18. He also testified that the statement he gave police in 2002 "didn't have a lot of the stuff" he was testifying to because he was nervous when he gave the statement. *Id.* at 25.

In this case, we need not decide whether trial counsel's performance was deficient because Mr. Pearl fails to show that he suffered prejudice as a result of counsel's failure to call him to the stand in support of self-defense. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). That is, having carefully reviewed the record, the briefs, and the applicable law in light of the above-mentioned standards, we agree with the district court's conclusion that

> most if not all of the information Petitioner would have testified to at trial was provided by a prosecution witness and his own statement to the police after the stabbing. Further, the prosecutor testified that he would have introduced evidence about Petitioner's previous convictions. He also testified he would have impeached him about inconsistencies in his statements had he taken the stand. Thus, there is no 'reasonable probability' the results of the proceeding would have been different.

-9-

*Pearl*, 2007 WL 869699, at \*2.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge