**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK LEE DURBIN,

       Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

       Respondent - Appellee.

No. 11-7028
(D.C. No. 6:07-CV-00262-JHP-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner Frederick Lee Durbin, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). We deny the COA request and dismiss this appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

An Oklahoma state court jury convicted Mr. Durbin in 2004 of three counts of lewd molestation of his 12-year-old son and three counts of lewd molestation of his 11-year-old nephew. Because Mr. Durbin had been previously convicted in 1992 of two separate felonies for lewd molestation, he was sentenced under Okla. Stat. tit. 21, § 1123(A) to life in prison without parole. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence. Mr. Durbin filed for post-conviction relief, which the OCCA dismissed. He filed the instant § 2254 habeas petition on August 24, 2007. In the petition, Mr. Durbin claimed improper admission of child hearsay testimony under Okla. Stat. tit. 12 § 2803.1, and ineffective assistance of appellate counsel.

Mr. Durbin's § 2254 petition was referred to a magistrate judge, who prepared a comprehensive Report and Recommendation ("R & R"). *Durbin v. Province*, No. Civ. 07-262-JHP-KEW, 2010 WL 6268375 (E.D. Okla. Sept. 2, 2010). The magistrate judge recommended that Mr. Durbin's child hearsay claim should be denied because it concerned a matter of state law and because any erroneous admissions of evidence was not so fundamentally unfair as to violate due process. *Id.* at *3–4 (citing *Williamson v. Ward*, 110 F.3d 1508, 1522–23 (10th Cir. 1997) ("When the admission of evidence in a state trial is challenged on federal habeas, the question is whether the error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.")). The magistrate judge also recommended that Mr.

Durbin's claims of ineffective assistance of counsel should be denied. *Id.* at \*15. The district court adopted the Report and Recommendation and denied Mr. Durbin's § 2254 petition. *Durbin v. Province*, No. CIV 07-262-JHP-KEW, 2011 WL 1060730, at \*1 (E.D. Okla. March 23, 2011).

## II. DISCUSSION

To receive a COA, Mr. Durbin "must make a substantial showing of the denial of a constitutional right . . . [which] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotations omitted). In evaluating whether Mr. Durbin has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Mr. Durbin is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

Mr. Durbin's brief is not a model of clarity, but we have done our best to understand his contentions by reviewing his appellate brief, his brief to the district court, the magistrate judge's recommendations, and the record in this case.

### A. Child Hearsay Testimony

Mr. Durbin alleges that he was denied a fair trial because the trial court admitted

-3-

hearsay statements from prosecution witnesses without first conducting a hearing as required by Okla. Stat. tit. 12 § 2803.1 to determine that such testimony was reliable.[1] Specifically, Mr. Durbin objects to the trial court's failure to: (1) conduct a hearing before Calvin Steudeman testified; and (2) explain its decision to admit the testimony of Wyndel Goodin after holding a hearing before he testified.

Because this is an issue of state evidentiary law, we review only to ensure that the state court's rulings did not violate the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). It is not the responsibility of a federal habeas court to cure errors from the state court concerning state law. *Id.* at 67–68. We will only consider state law evidentiary questions on habeas "if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002) (quotations omitted), *cert. denied* 537 U.S. 1021 (2002).

Mr. Stuedeman testified that one of the victims told him that the victim had spent the night at Mr. Durbin's home and did not want to talk about what happened there. The prosecution offered this statement not to prove its truth—that the victim did not want to talk about what had happened at Mr. Durbin's home—but rather to show that the victim was hesitant to reveal what had actually happened on the night of the crimes. Although

---

[1] Among other requirements, section 2803.1 requires that the court find "in a hearing outside the presence of the jury, that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy."

-4-

we agree with the magistrate judge and the OCCA that this statement was not hearsay, *Durbin*, 2010 WL 6268375 at *3, thereby rendering a section 2803.1 hearing unnecessary, even if it were hearsay, we also agree with the magistrate judge that the trial court's admission of this testimony did not render Mr. Durbin's trial fundamentally unfair.

Mr. Durbin also claims that, although the trial court conducted an in camera hearing before Mr. Goodin testified, the trial court did not properly explain why his hearsay statements were reliable. We agree with the magistrate judge that because Mr. Goodin's hearsay statements largely corroborated the testimony of the victim, the trial court's failure to explain the basis for reliability did not render Mr. Durbin's trial fundamentally unfair.

## B. Ineffective Assistance of Appellate Counsel

Mr. Durbin's claims regarding ineffective assistance of counsel are directed at his appellate lawyer. A criminal defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). To establish a claim of ineffective assistance, a petitioner must show both (1) constitutionally deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the case would be different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellate counsel need not raise every nonfrivolous issue on appeal and may select from among those available to maximize the

-5-

likelihood of success. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "[W]e 'indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and presume that counsel's conduct is sound strategy. *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689).

Mr. Durbin specifically challenges appellate counsel's failure on direct appeal to raise trial counsel's failure: (1) to challenge Mr. Steudeman's and Mr. Goodin's child hearsay testimony during trial; (2) to allow Mr. Durbin to testify; (3) to call certain witnesses; (4) to prevent evidence of Mr. Durbin's prior crimes from reaching the jury; and (5) to impeach the verdict.[2] Mr. Durbin further challenges appellate counsel's failure: (6) to challenge Mr. Durbin's sentence as violating the Ex Post Facto Clause; (7) to challenge the verdict based on insufficient evidence; and (8) to challenge discovery violations. Mr. Durbin also raises various other claims of ineffective assistance of his appellate counsel that he did not raise at the district court.

### 1. *Failure to Challenge Mr. Goodin's and Mr. Steudeman's Testimony*

_____

[2] The Tenth Circuit generally requires criminal defendants who were tried in federal court to allege ineffective assistance of trial counsel in collateral post-conviction proceedings rather than in direct appeals. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Oklahoma requires state criminal defendants to raise ineffective assistance of trial counsel claims on direct appeal so long as the relevant information is contained in the trial record. *Berget v. State*, 907 P.2d 1078, 1084–85 (Okla. Crim. App. 1995), *cert denied*, 517 U.S. 1247 (1996). Mr. Durbin claimed in state post-conviction collateral proceedings that his appellate counsel did not raise ineffective assistance of trial counsel issues on direct appeal. He may therefore raise ineffective assistance of appellate counsel in his § 2254 petition.

Mr. Durbin complains that his appellate counsel did not raise on appeal trial counsel's failure to request a § 2803.1 hearing before Mr. Steudeman's testimony and because he did not raise trial counsel's failure to challenge the trial court's findings after it conducted a hearing before Mr. Goodin's testimony. The OCCA held that a hearing was not required before Mr. Steudeman's testimony and that any deficiency in the trial court's ruling as to Mr. Goodin's testimony was harmless error. We agree. Mr. Durbin would not have prevailed in the district court on these issues and thus was not prejudiced by the omission of these issues on direct appeal.

### 2. *Failure to Allow Mr. Durbin to Testify*

Mr. Durbin complains that appellate counsel did not raise on appeal that trial counsel prohibited Mr. Durbin from testifying. He argues that his testimony about the timeline of events and the victims' behaviors would have diminished the victims' credibility. Whether a criminal defendant testifies at his trial is the defendant's decision. *See Harris v. New York*, 401 U.S. 222, 225 (1971); *Hooks v. State*, 862 P.2d 1273, 1283 (Okla. Crim. App. 1993). Apart from Mr. Durbin's unsupported allegations, nothing in the record suggests that Mr. Durbin's counsel prohibited him from testifying. *See Durbin*, 2010 WL 6268375, at *6. Further, we agree with the magistrate judge that even if Mr. Durbin's counsel advised him not to testify, such a suggestion would be considered a matter of trial strategy. *Id.* (citing *Cameron v. State*, 829 P.2d 47, 54–55 (Okla. Crim. App. 1992)). Thus, appellate counsel's failure to raise this issue did not constitute ineffective assistance of counsel.

### 3. *Failure to Call Certain Witnesses*

Mr. Durbin claims that his trial counsel failed to call certain witnesses that were vital to his defense and that appellate counsel did not raise this issue on appeal. "[T]he decision of which witnesses to call is quintessentially a matter of strategy." *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008), *cert denied*, 129 S. Ct. 1630 (2009). According to Mr. Durbin, these witnesses would have testified to many of the same matters as other defense witnesses; namely, the victims' reputation for lying and Mr. Durbin's for good character. After reviewing the record, we cannot say that trial counsel's strategy was unreasonable. *See Bullock v. Carver*, 297 F.3d 1036, 1044, 1046 (10th Cir. 2002), *cert denied*, 537 U.S. 1093 (2002). We agree with the magistrate judge that trial counsel's failure to call these witnesses did not prejudice Mr. Durbin. Appellate counsel's failure to raise this issue did not constitute ineffective assistance of counsel.

### 4. *Improper Admission of Other Crimes Evidence*

Mr. Durbin complains that his trial lawyer's failure to object to multiple references to his past convictions of lewd molestation should have been raised on direct appeal. Mr. Durbin, however, stipulated to these prior offenses at the beginning of the trial when he agreed to a one-stage proceeding rather than a bifurcated proceeding. Under Okla. Stat. tit. 22 § 860.1, in cases where a defendant is prosecuted for a second or subsequent offense, the trial is generally conducted in two parts. In the first part, the jury decides only whether the defendant is innocent or guilty, and there is no reference to the defendant's prior offenses. If the jury finds the defendant guilty, the jury then learns

-8-

about the defendant's prior offenses, is instructed on the law related to second and subsequent offenses, and then determines the proper punishment.

As the trial court explained to Mr. Durbin: "By asking this to be a one-stage proceeding, the jury will know from the beginning that you have two prior convictions, and there will not be a second stage where the District Attorney is required to prove those." ROA, vol.2, pt.2 at 10–11. Despite this explanation, Mr. Durbin chose a one-stage proceeding. Because the jury was already aware of Mr. Durbin's prior convictions by way of stipulation, we cannot say that trial counsel's failure to object to references to Mr. Durbin's prior convictions unfairly prejudiced Mr. Durbin. Thus, we agree with the magistrate judge that appellate counsel's failure to appeal this issue did not rise to the level of ineffective assistance of counsel.

### 5. *Failure to Impeach the Verdict*

Mr. Durbin claims that his appellate counsel was ineffective in failing to appeal trial counsel's failure to impeach Mr. Durbin's verdict. According to Mr. Durbin, the day before he was sentenced, a juror called his trial counsel's office and spoke to a secretary. The juror allegedly said that the jury had not believed the victims' testimony and had convicted Mr. Durbin solely based on his past convictions. Mr. Durbin claims that trial counsel should have immediately moved to impeach the jury's verdict and that appellate counsel's failure to pursue this issue prejudiced his appeal.

Okla. Stat. tit. 12 § 2606(B), which is nearly identical to FRE 606(b), states that:

Upon an inquiry into the validity of a verdict or indictment, a juror shall not

testify as to any matter or statement occurring during the course of the jury's deliberations or as to the effect of anything upon the juror's mind or another juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes during deliberations.

Under the rules of evidence, this evidence of the jury's deliberations would not have been admissible. *See Rushen v. Spain*, 464 U.S. 114, 121 n.5 (1983) ("[A] juror generally cannot testify about the mental process by which the verdict was arrived."); *Wood v. State*, 158 P.3d 467, 480 n. 29 (Okla. Crim. App. 2007). Further, Mr. Durbin has presented no otherwise admissible evidence that this conversation actually occurred. Because neither trial counsel nor appellate counsel would have succeeded in attempting to impeach the verdict, appellate counsel was not ineffective for failing to bring this claim.

### 6. *Ex Post Facto Sentencing*

The penalty provision of Okla. Stat. tit. 21 § 1123 was amended in 1992 to include the imposition of life in prison or life in prison without parole for a third violation of that section. Mr. Durbin's first two felony convictions occurred before this provision was added to § 1123. Mr. Durbin claims that his appellate counsel was ineffective by failing to challenge Mr. Durbin's sentence as violating the Ex Post Facto Clause of the United States Constitution.

For a criminal law to be ex post facto, it must be retrospective—applying to events occurring before its enactment—and it must disadvantage the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). The Ex Post Facto Clause prohibits

-10-

punishment that is more severe than the punishment assigned by law when the act to be punished occurred. *Id.* at 30. As the Supreme Court stated, "[c]ritical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Id.*

Despite Mr. Durbin's first two violations occurring before the sentence enhancer was enacted in 1992, his third and most recent violation in 2003 occurred well after it was added to § 1123. The new provision did not affect Mr. Durbin's punishment for his two prior convictions. It only affected the punishment for Mr. Durbin's most recent violation of § 1123. Thus, Mr. Durbin had ample notice of the new enhanced punishment. For these reasons, we agree with the magistrate judge and cannot say that Mr. Durbin would have succeeded had his counsel raised this issue at trial or on appeal.

### 7. *Insufficient Evidence*

Mr. Durbin claims that his appellate counsel was ineffective because he failed to challenge the sufficiency of the evidence for three of Mr. Durbin's convictions. Under 28 U.S.C. § 2254(e)(1) habeas review, state court determinations of factual issues are presumed to be correct, and the petitioner's burden of rebutting the presumption is by clear and convincing evidence. Although there was conflicting testimony at trial, the majority of the testimony supported Mr. Durbin's convictions. We have reviewed the record, Mr. Durbin's petition, and the controlling law. Mr. Durbin has not persuaded us that the OCCA's finding of sufficiency was incorrect or that there was insufficient

-11-

evidence to support Mr. Durbin's convictions.  Thus, we agree with the magistrate judge that Mr. Durbin's appellate counsel could not be considered ineffective in failing to bring this claim on direct appeal.

### 8. *Discovery Violations*

Mr. Durbin claims that appellate counsel was ineffective by failing to object to various discovery errors, including his trial counsel's inability to interview the victims before trial and to obtain reports from the victims' counselors.  He also complains about receiving inadequate summaries of the victims' interviews.  Although it is not clear that Mr. Durbin has raised these issues in his current petition, he did raise them at the district court.  Out of an abundance of caution, we will discuss them here.

Mr. Durbin appears to argue that his counsel's inability to obtain this information violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963).  *Brady* holds that suppression of evidence favorable to the defendant by the prosecution violates due process when the evidence is material to either the defendant's guilt or punishment. 373 U.S. at 87.  Evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.  *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Mr. Durbin appears to assert that not having this information caused surprise at trial and affected his ability to cross-examine witnesses.  He does not explain, however, how having the information would have facilitated his defense and, more importantly, fails to show that any exculpatory evidence was withheld from him.  After reviewing the

record, we conclude, along with the magistrate judge, that Mr. Durbin's alleged inability to obtain this information did not affect the outcome of his trial and did not constitute ineffective assistance of appellate counsel.

Lastly, Mr. Durbin appears to argue that these discovery issues violated Okla. Stat. tit. 12 § 2803.1's requirement that, before a statement made by a child concerning physical abuse or sexual contact will be admitted, the proponent of that statement must inform the adverse party and provide the particulars of the statement at least ten days before the proceedings. Section 2803.1, however, applies to hearsay, not the actual testimony of children. The victims' in court testimony was not hearsay. Section 2803.1's procedural requirements therefore do not apply. We agree with the magistrate judge that appellate counsel's failure to challenge these discovery issues did not rise to the level of ineffective assistance of counsel.

### 9. *Other Issues Not Raised Below*

Mr. Durbin attempts to raise additional issues in his appellate brief that he did not bring at the district court, such as denial of a request for appointment of counsel, denial of a motion for introduction of transcripts of the preliminary hearing into the record, and improper admission of hearsay evidence that was the result of leading questions. Because we do not generally consider issues raised for the first time on appeal, *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999), *cert. denied*, 528 U.S. 1084 (2000), we do not address these issues.

### III.  CONCLUSION

This court has reviewed Mr. Durbin's application for a COA and his appellate brief, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the *Miller-El v. Cockrell* framework.  He has failed, as to all of his claims, to show any denial of a constitutional right.  The district court's resolution of Mr. Durbin's claims is not reasonably subject to debate, and the claims are not adequate to deserve further proceedings.

Because Mr. Durbin has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA.  28 U.S.C. § 2253(c)(2).  Accordingly, this court denies Mr. Durbin's request for a COA and dismisses this appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge